F. G. EVANSICH v. THE G., C. & S. F. R'y Co.

(Case No. 4474.)

1. ACTION.— Under the Revised Statutes a father may maintain an action, as next friend to his son, to recover damages for personal injuries wrongfully inflicted on the son.

2. CONTRIBUTORY NEGLIGENCE.— The same rule in regard to contributory negligence which applies to persons whose age and discretion enable them to protect themselves, does not apply to children of tender years.   Damages may be recovered for injuries to children, who, through want of discretion, have contributed thereto, under circumstances which would defeat a recovery by persons having age and discretion.

3. PLEADING — FACT CASE.— See petition for allegations of the conduct of employees of a railway company resulting in injury to a child seven years old, which, if established, would authorize a recovery.

4. PRACTICE — CONTRIBUTORY NEGLIGENCE.— The question whether a child suing by next friend, for damages alleged to have resulted from the negligence of the defendant, had sufficient discretion to make him subject to the rules of law applicable to contributory negligence, is not a question for the court to be determined on demurrer, but of fact to be tried by the jury.

5. NEGLIGENCE — DAMAGES.— The fact that the turn-table of a railway company, on which a child of tender years was injured, through the negligence of the company's agents, was located on the premises of the company, cannot affect the right of the child to recover for the damage inflicted.

APPEAL from Washington.   Tried below before the Hon. I. B. McFarlane.

*F. D. Jodon,* for appellant.

*Hume & Shepard*, for appellee.— The court did not err in sustaining the demurrer, because it appeared from the petition that the turn-table was situated upon the property of defendant, and was at rest; that the boy was a trespasser to whom the defendant owed no duty; that he was hurt by reason of his own improper conduct, and not through any culpable act of defendant.  McAlpin *v.* Powell, 70 N. Y., 126; Railroad Company *v.* Bell, 81 Ill., 76; Railroad Company *v.* Henigh, 26 or 27 Kans. (10 C. L. J., 208); Cauley *v.* Railroad Company (Sup. Ct. Pa., 1880), 11 Reporter, 67; Smith *v.* Hestonville R. Co., 92 Pa. St., 450; Morrissey *v.* East R. Co., 126 Mass., 377; Lyons *v.* Brookline, 119 Mass., 491; Tigh *v.* Lowell, id., 472; Wright *v.* Malden R. Co., 4 Allen, 283; Callahan *v.* Bean, 9 Allen, 401; Victory *v.* Baker, 67 N. Y., 366; Hartfield *v.* Roper, 21 Wend., 615; Wood *v.* Ind. School Dist., 44 Iowa, 27; Honor *v.* Albrighton, 93 Pa. St., 475; Hughes *v.* McFie, 2 Hurl. & Colt., 744; Mangan *v.* Atherton, L. R., 1 Exch., 238; S. C., 4 Hurl. & Colt., 388; Gautret *v.* Egerton, L. R., 2 C. P., 370; Stone *v.* Jackson, 32 Eng. L. & Eq., 349; Willsinson *v.* Fairre, 1 Hurl. & Colt., 633; Lygo *v.* Newbold, 24 Eng. L. & Eq., 507; Loftus *v.* Union Ferry Co., 84 N. Y., 455.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by F. G. Evansich, Sr., as next friend of his son, F. G. Evansich, Jr., a child seven years of age, to recover damages for an injury alleged to have been received by the son on the 18th day of April, 1880, on a turn-table owned by the railway company, which was alleged to be in a public place very near to a public street in the city of Brenham, unenclosed, unguarded, unlocked, and easily put in motion by children. The petition set out fully the manner in which the injury was received, the character of injury received by the child, and the negligence of the railway company.

The appellee answered by a general demurrer and by special demurrers; also by general denial and by special answers.  The demurrers were sustained and the cause dismissed.

As special ground of demurrer it was urged that the father, as next friend, could not maintain the action for his minor son.  This action having been instituted since the adoption of the Revised Statutes, the father could institute and maintain it.  Abrahams *v.* Volbaum, 54 Tex., 227; Brooke *v.* Clark, Tex. Law Reporter, 205, affirmed at the present term of this court.

In addition to a general demurrer, there was a special demurrer, which was as follows: " The said petition is insufficient in law, because it appears from the allegations thereof that, if plaintiff has

been injured or damaged, the same was caused wholly by his own contributory negligence and willful trespass upon the property of defendant."

The petition in this cause is very full, and, tested by the principles set forth in many well considered cases by courts of high authority, must be considered as sufficient.

The same rule which applies to persons who from their age have discretion sufficient to protect themselves, in reference to contributory negligence, cannot be applied to infants of tender years; and in reference to them, the negligence of a party through whose want of care they receive injury will fix liability, notwithstanding the act of the infant may have been such as would defeat a recovery by an adult receiving an injury under the same circumstances.

In the case of Railroad Company v. Stout, 17 Wall., 660, the rule is thus stated: " It is well settled that the conduct of an infant of tender years is not to be judged by the same rules which govern that of an adult. While it is the general rule in regard to an adult, that, to entitle him to recover damages for an injury resulting from the fault or negligence of another, he must himself have been free from fault, such is not the rule in regard to an infant of tender years. The care and caution required of a child is according to its maturity and capacity only, and this is to be determined in each case by the circumstances of that case." The defense urged in the case above cited was the same as in this case; the facts were almost identical, and the defense was held insufficient.

In the following cases, K. C. R'y Co. v. Fitzsimmons, 22 Kans., 687; Koons v. St. Louis & Iron Mountain R. R., 65 Mo., 592; Keefe v. Milwaukee & St. Paul Railway Company, 21 Minn., 207, the facts and pleadings were substantially the same as in the present, and the plaintiffs were held entitled to recover.

The petition in this cause negatives the idea of negligence upon the part of the parents of the child injured; shows that the turn-table was in a public place, and very near to a public street; that children were accustomed to play on the turn-table; that on the same day on which the injury was inflicted, and but a short time before the child was injured, another child was injured, of which the servants of the appellee had notice; that no steps were taken to so secure the turn-table that children could not revolve it, and thereby receive injury, and that the injured child was only seven years of age, and wanting in that discretion necessary to its own protection. Such facts entitled the plaintiff to maintain the action, and, if proved, to a recovery.

The question of discretion in the child, and of consequent responsibility for negligence, was not one for the court, and to be determined upon demurrer, but was for the jury.

In no class of cases can this practical experience (of juries) be more wisely applied than in that we are considering. We find, accordingly, although not uniform or harmonious, that the authorities justify us in holding in the case before us, that, although the facts are undisputed, it is for the jury and not for the judge to determine whether proper care was given, or whether they establish negligence. Railroad Company v. Stout, 17 Wall., 664.

A court cannot declare as a matter of law that a child of seven years is *sui juris*, and when from the age of the child there may be doubt upon that question, it should be submitted to the jury. 2 Thomp. on Neg., 1181, 1182, and citations.

The fact that the turn-table was upon the premises of the appellant does not affect the question, nor relieve it from the duty of exercising, in reference thereto, such care as will render it not a dangerous machine to children who are attracted to it for amusement.

For the error of the court in sustaining the demurrer and dismissing the cause, the judgment of the court below is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 19, 1882.]