# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1887.

### No. 5804.

### INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY
### *v.* NATHAN UNDERWOOD.

1. RAILWAY COMPANIES.—A railroad company can not, in the absence of authority conferred by statute, lease its road to another company so as to absolve itself from its obligations to the public; if without such authority it surrenders the control of its road to another, it becomes liable for the torts of the company operating it which are committed on its line.

2. CASE DISTINGUISHED.—This case distinguished from Missouri Pacific Railway Company v. Watts, 63 Texas, 549.

3. PLEADING.—In a suit against a railway company for damages resulting from personal injuries caused by the negligence of the company in carrying the plaintiff as a passenger on its road, the failure to state in the petition in distinct terms that the injury was inflicted between the point of departure and the place to which the company contracted to carry the plaintiff, is immaterial, if it sufficiently appears from the petition that the plaintiff received the injury complained of while being carried by the company under its agreement. See the opinion for averments in a petition, applicable to which this rule was announced.

4. STATEMENT OF FACTS.—More than two months after the trial of a cause, and more than a month after a motion for new trial was overruled, the term of a court closed. On the last day of the term, opposing counsel presented to the judge each a statement of facts, with notice that they could not agree. Twenty-seven days after the close of the term the judge filed with the clerk a statement of facts, with directions to file it as if on the last day of the term, and certified in substance to the facts above stated, with his statement that he had prepared the statement of facts as soon as "other engagements would admit." The appellant treated the paper so prepared as a statement of facts, and brought it up with the record. After the paper was stricken from the record appellant asked a reversal of the judgment because the judge had failed to file a statement of facts in time, *held:*

    (1) The action of the court not having been excepted to, or assigned as error, was not the subject of revision.

2. QUÆRE.—Whether, when a statement of facts is presented on disagree-
ment for approval to the judge so long after trial, he may not refuse,
either to make out a statement of facts or allow additional time for that
purpose.

APPEAL from Bexar. Tried below before the Hon. G. H.
Noonan.

On November 6, 1883, Nathan Underwood brought this suit in
the district court of Bexar county, Texas, against the Inter-
national & Great Northern Railroad Company, for damages for
personal injuries alleged to have been sustained by an accident
or colliding of two of appellant's trains, at the station of Corbin,
upon appellant's road, about twenty miles northward of the city
of San Antonio, Texas.

The damages alleged were substantially as follows:

| | |
|---|---:|
| For loss of time from his business, from July 5, 1885, to filing of petition | $2,500 00 |
| For doctor's, medical and nurse's bills | 500 00 |
| For bodily pain and physical and mental fear, suffering and anguish | 5,000 00 |
| For diminished capacity to labor, in the loss of the proper and perfect use of his limbs, and his liability to future disease and suffering, and in the loss of his business | 20,000 00 |

Verdict and judgment in favor of plaintiff against defendant
in the sum of twelve thousand eight hundred dollars, on Decem-
ber 22, 1885.

*McLeary & Barnard,* for appellant, on their proposition that
the defendant was not liable because its road was being operated
by a lessee, cited Missouri Pacific Railway Company v. Watts,
63 Texas, 553; Hicks v. International & Great Northern Railroad
Company, 62 Texas, 38; Cunningham v. International & Great
Northern Railroad Company, 51 Texas, 509; Bailey v. Troy &
Boston Railroad Company, 52 American Reports, 129.

That the failure of the judge to make out and certify a state-
ment of facts in time required a reversal of the judgment, they
cited Hodges v. Peacock, 2 Texas Court of Appeals, Civil Cases,
section 824, page 727; Rushton v. The State, 15 Id., 337; Babb v.
The State, 8 Id., 173; Longley v. The State, 3 Id., 611; Trammel

v. The State, 1 Id., 121; Jones, Executor, v. Banks, Galveston Term, 1886, Texas Court Reporter, No. 10, page 582; Shuber & Hochstadter v. Holcomb et als., 2 Texas Court of Appeals, Civil Cases, section 224, page 172; Barnett v. Abernathy, Id., section 775, page 678.

*Houston Brothers,* for appellee: On their propositions to the effect that the fact that the road was leased afforded no defense, cited 5 Wait's Actions and Defenses, Article 6, page 332, and authorities there cited; Pierce on Railroads, 283; 3 Wood's Railway Law, 1687, and volume 2, page 1392; 1 Rohrer on Railroads, 606; 1 Redfield on Railways, 587, 588, 619; 9 American and English Railroad Cases, note, 595, citing authorities; 5 Wait's Actions and Defenses, section 1, page 332; 1 Redfield on Railways, section 142, subdivision 3; Nelson v. Vermont & Canada Railway Company, 26 Vermont; 717; Bower v. Railway Company, 42 Iowa, 546; Davis v. Railway Company, 121 Massachusetts, 134; Thompson's Carriers of Passengers, 418, note 5, citing authorities.

GAINES, ASSOCIATE JUSTICE. This action was brought in the court below by appellee against appellant to recover damages for personal injuries. The statement of facts having been stricken out on motion of appellee at the last term of this court there are many questions raised in appellant's brief, which we need not consider.

By its first and second assignments of error appellant complains that the court erred in overruling its general and special demurrers to plaintiff's petition. The main ground of the demurrers is "that the petition nowhere alleges, that the defendant undertook to transport plaintiff as far northward from San Antonio as Corbin Station where the accident is alleged to have occurred." The allegations in the petition in reference to this matter are "that heretofore, to-wit, on or about the third day of July, 1883, the defendant, acting as a common carrier of passengers and freight, for a valuable consideration undertook to transport the plaintiff as a passenger over said line of road northwards from San Antonio towards Saint Louis, Missouri; that plaintiff on said third day of July, 1883, at the instance of defendant and under the instructions and directions of its officers, agents and employes entered the car or "caboose" of the defendant, provided for his use and occupancy, and the defendant acting through its

agents, officers and employes, started said car and train on its journey over its line of road to the northward. That plaintiff conducted himself in a prudent manner, and was guilty of no negligence or imprudence whatever. That when said car and train reached Corbin station, about twenty miles more or less northward from San Antonio, on the defendant's line of road, which was about eleven o'clock at night on said date, the defendant, by its gross negligence and outrageous carelessness in the management and running of its trains on said road caused the car on which plaintiff was, it being the car furnished by the defendant for his use and occupancy, to be run into by another engine and train of said defendant, breaking said car, scalding, burning, bruising, wounding and crippling this plaintiff, throwing him from said car, dragging him upon the track and road bed, breaking his bones, crushing his body and limbs, tearing his clothing and mutilating him in a horrible manner."

It is true that it is not here specifially alleged, that the point at which the accident occurred is between the place of departure and that to which it was contracted that plaintiff should be carried. But we think it appears from the averments, that the plaintiff received the injury complained of, while he was being carried by defendant under its agreement, and that greater particularity than this can not be required. We are of opinion therefore that the exceptions to the petition upon this ground were properly overruled.

There were other special exceptions to the effect that the averments of the petition were not sufficient to warrant a judgment for exemplary damages, as therein claimed. But plaintiff distinctly waived his claim for such damages upon the record before the trial of the case, and it seems from appellant's brief that the exceptions based upon this ground are not insisted upon in this appeal.

It is complained by the fourth assignment that the court erred in sustaining plaintiff's exceptions to so much of defendant's answer as set up a lease for ninety-nine years, made in 1881 by the defendant company to the Missouri, Kansas & Texas Railway Company, of defendant's road and property and a subsequent lease by that lessee to the Missouri Pacific Railway Company, which last named corporation, defendant averred, was operating defendant's road at the time the accident occurred. The assignment is not well taken. It was held by this court in the cases of the Gulf, Colorado & Santa Fe Railway

Company v. Morris and Crawford, and of the Central & Montgomery Railroad Company against the same parties, decided at the last Galveston term, that without authority conferred by statute, one railroad company could not lease its road to another so as to absolve itself from its obligations to the public. Where one such company without such authority surrenders the control of its line to another, it becomes liable for the torts of the company operating it which are committed upon its line. The case of the Missouri Pacific Railway Company v. Watts, 63 Texas, 549, cited by counsel for appellant, is not in conflict with this opinion. That action was brought both against the Missouri Pacific Railway Company and the International & Great Northern Railroad Company, and the court there say: "It is alleged and shown that at the time of the injury the appellee was the servant of the Missouri, Kansas & Texas Railway Company. That company had previously leased the road and property of the International & Great Northern Railroad Company, and was in charge of and operating the same at the time of the injury. 'The lease of a railroad under due authority of law affects a transfer of rights and liabilities in its management, so that the corporation owning the railroad is discharged from liability for the lessee's torts.' (Pierce on Railroads, p. 283 and note 6.) In accordance with that doctrine, the International & Great Northern Railroad Company would not be liable to the appellant for the damages arising from the injury." The proposition that the owner is absolved from liability when the lease is duly authorized by law is not to be disputed, but that without a statute conferring that power, a railroad company can not lawfully lease and transfer the control of its road, is settled by the cases we have previously cited.

We have been referred to no general law of our legislature authorizing such a lease. If any private act existed, defendant should have pleaded it, so as to show that the lease was lawfully made. This not having been done we conclude that the leases were not warranted by law, and hence that the court did not err in sustaining the exception to so much of the answer as set up that defendant's railroad was being operated by the Missouri Pacific Railway Company at the time of the injury.

The sixth assignment of error is that "the court erred in the sixth paragraph of its charge to the jury, in stating the rule for assessing the damages differently from the claim made in the

petition. The items as stated in the charge do not correspond with the items as stated in the petition, as they should do."

This assignment is not well taken. The elements of damages which the jury were instructed by the court to take into consideration are substantially the same as those alleged in the petition. The other assignments which allege error in the action of the court in giving and refusing instructions are of such a nature that they can not be considered in the absence of a statement of facts. Without knowing what evidence was adduced upon the trial we can not say that there was error in either of the particulars complained of in these assignments.

The other assignments call in question the sufficiency of the evidence to sustain the verdict, and without a statement of facts can not be considered.

In a written argument filed since the statement of facts was stricken from the record, we are asked to reverse the judgment, because, as is claimed, the judge who tried the cause below failed to make out and certify a statement of facts within the time required by the statute. The trial was had in December, and the court did not adjourn until the ninth day of March. On the morning of that day counsel for plaintiff and defendant each presented the judge with a statement of facts, stating that they could not agree. Ten days were allowed for preparing and filing the statement; but this was not done until the fifth of April, when he certified a statement and directed the clerk to file it as of the ninth of March, and at the same time made a certificate to the foregoing facts, as well as to the further fact that he had prepared the statement as soon as his "other engagements would admit." Appellant treated the paper so prepared and filed as a statement of facts and brought it up in the record. The action of the court was neither excepted to nor assigned as error, and is nowhere complained of except in the written argument. It is obvious we can not revise it. If error at all it is not of that fundamental character which it is our duty to consider without an assignment specifically pointing it out. It is to be remarked, however, that the court continued in session for more than two months after the case was tried, and more than one month after the motion for a new trial had been overruled. The statement prepared by counsel not having been presented to the judge until the last day of the term, it may be doubted whether appellant could have complained if the judge

had at that time refused either to make out and certify a statement or allow additional time for that purpose.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered April 8, 1887.