WILLIAM COOK ET AL. v. HOUSTON DIRECT NAVIGATION COMPANY.
No. 2866.

1. **Common Carrier.**—In an action for damages against an incorporated navigation company, based on the alleged negligence of its agents in charge of one of its steam tugs, whereby injury resulted to the person of one alleged to have been a passenger on the tug, it was alleged that at the time of the injury the relation of passenger and common carrier existed between the company and the injured party.  *Held,* that the answer setting up that the steam tug was used only in towing other vessels, that those having charge were forbidden to carry passengers except on special permit, and that the injured party was at the time of the injury on the steam tug in violation of the rules of the company, presented a valid defense.

2.   **Common Carrier.**—The employes of a company operating a freight boat who are forbidden by the owners to carry passengers can not, by contract to carry passengers, bind their employers.

3.   **Negligence.**—While one who operates dangerous machinery may owe no duty of care to an adult person who voluntarily places himself in contact with it, a different rule prevails as applicable to children.   Hence it is held negligence to permit a child to go on board a tug boat without taking adequate precautions to avoid injury to it from all accidents while there.   If, however, the child goes on the boat against the consent of the boat's officer, and on the invitation of employes having no authority to invite, the company will not be held liable, when the right of action is made dependent on the invitation.

4.   **Same.**—If the officer having control of the boat leaves its management for a time to his servants on board, the company will be bound by their action in allowing a minor to enter upon the boat, though in violation of the orders of the owners.

5.   **Years of Discretion.**—When it becomes an issue as to whether one between the ages of thirteen and fourteen has arrived at years of discretion, it should be left to the determination of the jury.

6.   **Negligence—Parent and Child.**—See case for facts under which it was held that if a parent consented to the minor child entering upon a tug boat, and the child was drowned, no right of action existed in behalf of the parent.

APPEAL from Harris.   Tried below before Hon. James Masterson. The opinion states the case.

*B. O'Malley, Gustave Cook,* and *A. C. Allen,* for appellants.— 1.   The court erred in overruling plaintiffs' general demurrer to the first amended original answer of defendant.   Rev. Stats., art. 2899; Railway v. Garcia, 62 Texas, 285; Wagner v. Railway, 10 S. W. Rep., 486; Zuendt v. Railway, 10 S. W. Rep., 491; Whitehead v. Railway, 11 S. W. Rep., 751.

2.   The fact that the boat was a freight and tug boat, used exclusively for freight purposes, and not for the transportation of passengers, does not qualify defendant's liability, and is not a defense to an action of this character.   Rev. Stats., art. 2899; Wagner v. Railway, 10 S. W. Rep., 486; Zuendt v. Railway, 10 S. W. Rep., 491; Whitehead v. Railway, 11 S. W. Rep., 751.

3.   The rules and regulations of the defendant company prescribing the manner in which its servants and agents shall perform their service in no way affects the public or limits the liability of the defendant company for the acts of its servants and agents done within the scope of their employment.   Rev. Stats., art. 2899; Wagner v. Railway, 10 S. W. Rep., 486; Zuendt v. Railway, 10 S. W. Rep., 491; Whitehead v. Railway, 11 S. W. Rep., 751.

4.   The fact that Rosa Cook, the deceased, was a minor only thirteen years and ten months of age raises the presumption that she was not of sufficient discretion or judgment to know and comprehend the dangers to which she would be exposed, unless it be affirmatively shown to the contrary.

5.   The fact that the Sterrett was a tug boat, not engaged in the car-

riage of passengers, did not affect defendant's liability under the facts of this case; nor did the rules and regulations of the company for the government of its servants, agents, and employes affect the right of plaintiffs to recover in this case.    Rev. Stats., art. 2899; Wagner v. Railway, 10 S. W. Rep., 486; Zuendt v. Railway, 10 S. W. Rep., 491; Whitehead v. Railway, 11 S. W. Rep., 751.

6.    A corporation, as the defendant in this case, can not limit its liability to the outside world by rules and regulations for the government of its servants, agents, and employes.    Wagner v. Railway, 10 S. W. Rep., 486; Zuendt v. Railway, 10 S. W. Rep., 491; Whitehead v. Railway, 11 S. W. Rep., 751.

*W. N. Shaw*, for appellee.—1.    Defendant's answer constituted a valid defense in law to plaintiffs' suit, and the court did not err in overruling the general and special exceptions thereto.    Railway v. Moore, 49 Texas, 31; Duff v. Railway, 36 Am. Rep., 675, and note; Gardner v. Railway, 51 Conn., 153; Patt. Ry. Acc. Law, secs. 214, 215, and authorities; 2 Am. and Eng. Encyc. of Law, secs. 6, 7, and authorities; Beach on Con. Neg., pp. 177, 178.

2.    Defendant's answer presented a valid defense in law, and the charge as a whole is entirely applicable to the facts of the case and correctly stated the law.    Ry. and Cor. Law Jour., Feb. 8, 1890, p. 117.

GAINES, ASSOCIATE JUSTICE.—This action was brought by appellants to recover of appellee, a corporation, damages for the death of their daughter Rosa Cook, which was alleged to have been caused by the negligence of the defendant company.

The plaintiffs resided in the city of Houston near a wharf, at which a tug boat belonging to the defendant company was accustomed to lie. Rosa, who at the time of her death was thirteen years and nine months old, had been in the habit of carrying milk from her parents' residence to the boat for the use of the captain.    On the day of her death she went about noon to the boat upon the same errand, and the employes of the boat being at dinner invited her on board to dine.    Her little brother, who happened to be passing near the boat at the time, was also asked to come on board to take dinner.    While they were dining the boat was cut loose from the wharf and moved down the stream, and while it was in motion Rosa was called by one of the crew to take coffee.    In passing along the side of the boat she came close to a pile of wood, and placing her hand upon it, one or more billets fell and struck her upon the knee and precipitated her into the river, when she was drowned.

It was first alleged in the petition that the defendant company was a common carrier of freight and passengers; that plaintiffs' daughter Rosa was taken on board the tug boat as a passenger, and that her life was lost

while that relation existed between her and the defendant. But it was also alleged that she was received upon the boat against the will of the plaintiffs, as known to the defendant company, and that under such circumstance it was an act of negligence.

The defendant filed an answer, in which among other things it was alleged that the boat upon which the accident occurred was not a passenger boat, but merely a steam tug, engaged in the towing of barges and lighters owned by the company, and that the employes of the company were forbidden to convey any one as a passenger upon the boat without a special pass from the general superintendent of the company; and that if plaintiffs' daughter was taken as a passenger upon said boat, which was not admitted but denied, she was so received contrary to the rules and regulations of the company. So much of the answer as alleged these facts was excepted to, and the exceptions were overruled.

Appellants' first four assignments of error complain of the ruling of the court in not sustaining the exceptions. We are of the opinion that the allegations excepted to were a sufficient answer to so much of the petition as alleged that at the time of the accident the relation of passenger and common carrier existed between the daughter and the defendant. The petition having based the cause of action upon two grounds, an answer to either was an answer to so much of the petition and was properly permitted to stand.

Upon the trial the defendant offered testimony to prove that the steam tug was not a passenger boat; that it was against the rules of the company for the employes to carry passengers upon it without a special permit, and that as a matter of fact no one was allowed to be carried upon it without such permit. The evidence was admitted over the objection of plaintiffs, and in its admission there was no error. It is the privilege of any person or company operating water craft to become a carrier of passengers or not, as he or they may see fit. It takes a contract, either express or implied, to establish the relation of carrier and passenger, and we do not see that the employes of a company operating a freight boat, who are expressly forbidden to carry passengers upon it, have any authority to bind the company by such a contract. It is entirely out of the scope of their employment.

Cases may be found in which railroad companies have been held bound by the act of conductors of freight trains in taking persons as passengers, although this was prohibited by the regulations of the company. We presume, however, that in such cases it has generally appeared that the conductors had been permitted to make a practice of carrying passengers notwithstanding the rule. We think it was competent in this case for the defendant to show that the boat was but a tug, and not a passenger boat; that its employes were forbidden to carry passengers, and that passengers had never been carried upon it with the consent of the company's repre-

sentatives. The evidence tended to destroy so much of the plaintiffs' testimony as was offered to show that Rosa was a passenger.

The other assignments of error complain of the charge of the court. They are thirteen in number, and all the objections to the charge might have been presented under one assignment alone. Therefore they need not be considered in detail. The court charged the jury, in substance, that unless they found that plaintiffs' daughter was a passenger in defendant's boat they could not recover. In this we think there was error. There was no pretense of any express contract of carriage, and we see nothing in the testimony from which such contract should have been implied. It may therefore be doubted whether it would have been error if the court had charged that the plaintiffs had no cause of action growing out of the relation of carrier and passenger. But this was not the sole ground upon which a recovery was sought. As before stated, the petition also alleged that the company was guilty of negligence in receiving the child on board the boat without the consent of her parents. Although the defendant company may have owed the deceased no duty as a passenger, it does not follow that they are not responsible for her death. Every person using dangerous machinery is under obligation to operate it in a careful manner. He may owe no duty to one who has attained the years of discretion, and who voluntarily comes in contact with it, to guard him against dangers that are apparent. But as to children the rule is different. Evansich v. Railway, 57 Texas, 123; Evansich v. Railway, Id., 126. Not being capable of exercising that degree of circumspection in the face of danger that adults are expected to use, a higher degree of care must be exercised towards them. If it be negligent to leave dangerous machinery in a place where children are likely to tamper with it, without taking precautions to prevent them from injuring themselves, we think it equally negligent to permit them aboard a tug boat, where there is danger of them being drowned, without taking adequate precautions to avoid all accidents.

The facts of the present case, however, suggest some further questions for consideration. There was testimony that an officer of the defendant company had expressly ordered that the children of plaintiff should not be allowed to come upon the boat, and it appears that they were upon board at the time of the accident by invitation of some of the crew, but without the knowledge of either the captain, who was absent at the time, or of the pilot, who was in charge. The act of inviting them on board was not within the scope of the authority of the company's servants, and if the right of action depended upon the invitation the company should not be held liable. But we think it was the duty of the company not to permit them on board if their presence there was dangerous.

When the company left the management of the boat to its servants the duty devolved upon them, and it can not be permitted to say that their

action in allowing the children on the boat was contrary to orders, and that it was not liable. A master is liable for the wrongful acts of his servant done within the scope of his authority, although they be done in disobedience of express orders.

We have thus far discussed this case upon the theory that the deceased daughter had not attained years of discretion. We do not wish to be understood as holding this as a matter of law. In regard to a child of very tender years, it would be the duty of the court to declare that it could not be held in any manner accountable for its conduct. On the other hand, it has been laid down "that at fourteen an infant is presumed to have sufficient capacity and understanding to be sensible of danger and to have power to avoid it; and this presumption ought to stand until it is overthrown by clear proof of the absence of such discretion and intelligence as is usual with infants of fourteen years of age." Nagle v. Railway, 88 Pa. St., 35.

Without any disposition to affirm this doctrine, we need only say we are not called upon to deny it. Whether any arbitrary presumption should be indulged as to capacity at the age of fourteen in civil cases we are not prepared to say. We think, however, that when the age of the minor is between thirteen and fourteen the question of capacity and intelligence should be left for the determination of the jury. Whether Rosa Cook, at the time she boarded the tug, had the intelligence to appreciate the dangers of the situation, and the discretion and circumspection to avoid them, as ordinary adult persons have, will be a question to be determined. If she had, then the plaintiffs can not recover.

But should this question be determined in the negative, the right of recovery will still depend upon the further question whether she was guilty of contributory negligence or not. If, considering her age and discretion, her act in going near the gunwale of the boat and placing her hand upon a pile of wood was such as a similar person of ordinary prudence would not have done, she was guilty of such negligence as would preclude a recovery.

The plaintiffs testified that they forbid the captain to receive the children on board the boat. On the other hand, he testified that he told them not to permit the children to come on board, and that they answered that there was no danger. Should it be found upon another trial that they consented for their daughter to go on board on the day she was drowned, they should not recover.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 28, 1890.