THE MISSOURI PACIFIC RAILWAY COMPANY v. MARY J. BOND.

No. 415.

1. **Fellow Servant — Railway Company.** — An employe charged with the duty of keeping in repair a railway track, is not a fellow servant with the employes operating the trains who sustain injuries through the negligence of such track repairer in the performance of his duty.

2. **Evidence— Presumptions from Failure to Produce.**—Two railway companies jointly used the same yards, and one of the companies was sued in damages for a death resulting from negligence in the care of the yards. The defendant company, on the trial, did not offer any evidence of its contract with the other company relative to the use, management, and control of the yards. *Held*, that as to its control of the yards, every presumption should be indulged against the defendant on account of its failure to produce such evidence; and that proof by employes working in the yards that they were sometimes paid by the one company and sometimes by the other, was sufficient to show that defendant did have a joint control of the yards.

3. **Evidence—Action for Death of Husband.**—In an action against a railway company for the pecuniary damages caused to plaintiff by the negligent killing of her husband, a witness of plaintiff was properly allowed to state that the husband was kind and affectionate to his family, and was an indulgent father and husband.

4. **Same — Res Gestæ — Declarations of Deceased.** — The deceased husband, at the time he was run over by the engine, and while he was still under the wheels, made a statement as to the defect in the yards that caused him to fall under the wheels, and that he did not know of such defect. *Held*, that evidence of this statement was properly admitted as part of the res gestæ.

APPEAL from Tarrant. Tried below before Hon. R. E. BECKHAM.

*Finch & Thomson*, for appellant.—1. Appellant is not liable for the killing of Bond, an employe of another company, merely by reason of its use of the yards of such other company, in which the killing occurred. Railway v. Dorsey, 66 Texas, 148.

2. Declarations of an injured party, made after an accident has occurred, are not res gestæ, nor are they competent evidence as to what caused the injury, in a suit by his representatives for damages resulting from his death. Railway v. Crowder, 70 Texas, 222. Dying declarations are admissible as such only in criminal cases. 7 Am. and Eng. Encyc. of Law, 70, note 12; Barfield v. Britt, 62 Am. Dec., 190.

*Hunter, Stewart & Dunklin*, for appellee.—1. The doctrine as to fellow servants does not apply in this case. A railway company owes to its employes operating trains on its road the duty of keeping its tracks in repair. Railway v. Jones, 75 Texas, 152; Railway v. Dorsey, 66 Texas, 151; Railway Acc. Law, 305; 2 Thomp. on Neg., 985.

2. "The force of evidence, though slight, is greatly increased by the

failure of the opposite party to rebut it, where it is obvious that the means to do so are readily accessible to the party.'' Bailey v. Hicks, 16 Texas, 222; Thompson v. Shannon, 9 Texas, 536; Gray v. Burk, 19 Texas, 228; Needham v. State, 19 Texas, 332; Shackelford v. Wheeler, 7 Texas, 553.

3. The statement made by Bond was part of the res gestæ. Galveston v. Barbour, 62 Texas, 175; Harriman v. Stowe, 57 Mo., 97; Entwhistle v. Feighner, 60 Mo., 215; Elkins v. McKean, 79 Pa. St., 945; Commonwealth v. McPike, 3 Cush. (Mass.), 181; Railway v. Buck, 28 Am. Law Reg., 148; Ins. Co. v. Moseley, 8 Wall., 397; Hart v. Powell, 18 Ga., 635.

HEAD, ASSOCIATE JUSTICE.—On the night of August 5, 1888, Edward F. Bond, while in the employ of John C. Brown, receiver of the Texas & Pacific Railway Company, as switchman in the yards at Fort Worth, was killed by being run over by the engine upon which he was braking.

His death was caused by a pile of loose cinders, which had been unloaded by the track foreman on the day previous to the accident, near one of the rails and a short distance from the switch Bond was required in the discharge of his duty to operate. The cinders being about the color of the ground, and Bond not knowing of their presence near the track, in the performance of his duty stepped off the engine upon which he was riding, on to the cinders, and was thrown under the wheels. The cinders were unloaded as aforesaid for the purpose of being used in repairing the yard. The yard where the injury was caused was used in operating the cars of the Texas & Pacific Railway Company, the Missouri Pacific Railway Company, and the Gulf, Colorado & Santa Fe Railway Company.

Some of the witnesses speak of that part of the yard where the injury was caused as the yards of the Missouri Pacific Railway Company, and others say the yard belonged to the Texas & Pacific Railway Company, but was called the Missouri Pacific yards. The evidence as to the particular relation that each of these companies bore to the yards and to their operation is very unsatisfactory, being confined to the testimony of subordinate employes, who show that the only information they have is such inferences as they drew from the fact that they were paid by one company or the other. It seems that at the immediate time of the injury, both the employes operating the engine and the track foreman who deposited the cinders were paid by the Texas & Pacific Railway Company, or Brown, its receiver, but only a few weeks previous to this time they had been paid by appellant.

Appellee brought this suit to recover under the statute for the death of said Bond against both Brown, receiver, and appellant, alleging joint ownership and operation of the yard, but before the trial she dismissed as to the receiver of the Texas & Pacific, and prosecuted the suit to judgment against appellant alone. The judgment was for $5500 against ap-

pellant, from which this appeal is prosecuted. The suit was prosecuted by appellee, who was the surviving wife, for the use of herself and the children of Bond, and the amount recovered was apportioned by the verdict, $4000 to appellee, $1200 to a minor son, and $100 each to three married daughters.

It is well settled by repeated decisions of our Supreme Court since the case of Railway v. Dunham, 49 Texas, 181, that an employe charged by the master with the duty of keeping in repair a railway track is not a fellow servant with the employes operating the train, who sustain injuries through the negligence of such track repairers in the performance of this duty. The death of Bond was caused by the unquestioned negligence of the track foreman in leaving the cinders adjacent to the track the train men were required to pass over in the discharge of their duty at night, and for such negligence the master must be held liable.

Where a railroad track or yard is shown to be the property of one company, we think the natural inference, in the absence of evidence, would be that such company is the one that keeps it in repair. Also, if a railway track or yard is shown to be used indiscriminately by two or more companies, in the absence of other evidence explaining the particular nature of the contract between the companies, we think the fair inference would be that they all contribute jointly in keeping it in repair. In this case the evidence shows without contradiction that the cars both of the Texas & Pacific and of the Missouri Pacific Railway Companies were operated in these yards and over the track where the injury occurred, and at the time of the accident deceased was engaged in transferring some cars for appellant as well as the Gulf, Colorado & Santa Fe. It seems, however, that at this particular time these employes were drawing their pay entirely from the Texas & Pacific, but only a short time before this they had been drawing their pay from the Missouri Pacific.

Appellee in her petition charged that the two companies were engaged jointly in operating the yards, and appellant did not upon the trial see proper to introduce in evidence its contract with the other company, but left the jury to draw their inference as to this from the testimony of subordinate employes, who expressly state that their only information upon the subject is, that they were paid by one company or the other at the respective times stated by them. The court below in its charge, which is not complained of, required the jury, before finding for appellee, to find that appellant exercised some control in these yards; and after a careful examination of the statement of facts, we are of opinion that the verdict of the jury finding that it did have such control should not be disturbed by us.

As the particular nature of this contract was peculiarly within the knowledge of the parties thereto, and could easily have been shown by

appellant, we think every presumption should be indulged against it on account of its failure to produce better evidence. Had appellant shown that the yards belonged exclusively to the Texas & Pacific, and that said company alone was charged with the duty of keeping them in repair, and appellant only paid it a consideration for handling its cars in said yard, we do not think it could be held liable to the servants of said company for an injury caused by a defect in the yard; but we are of opinion that the jury was authorized by the evidence to find that such was not the real contract between these companies. Railway v. Dorsey, 66 Texas, 148; Railway v. Jones, 75 Texas, 151.

This being an action to recover damages for the pecuniary injury suffered by appellee from the death of Bond, we think the witness J. M. Rogers was properly allowed to state that Bond was kind and affectionate to his family, and that he was an indulgent father and husband. In such cases this evidence is generally admitted as bearing upon the amount of pecuniary benefit the plaintiff might have expected to receive from deceased had he not been killed.

At the time Bond was run over by the engine, and while he was still under the wheels, the witness Menshaw came to where he was, and immediately upon his arrival, which was only a few moments after the injury, Bond said to him: "You know what caused this, Ed. It was the cinders; they gave way as I stepped off the tender and rolled me under the wheels. I did not know that they were there." That this was properly admitted as a part of the res gestæ is now settled by the decisions in this State. Railway v. Anderson, 82 Texas, 516; Railway v. Robertson, 82 Texas, 657; Railway v. Hall, 83 Texas, 675.

Upon the whole case, we are of opinion that the judgment of the court below should in all things be affirmed.

*Affirmed.*

Delivered January 3, 1893.