TRINITY VALLEY & N. RY. CO. et al. v. SCHOLZ et al. (No. 376.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 14, 1919. Rehearing Denied March 5, 1919.)

1. RAILROADS ☞260 — LIABILITY FOR INJURIES—PERMITTING USE OF ROAD BY OTHERS.

A railway company, which permitted a lumber company to use its tracks under contract unauthorized by law, is responsible to third persons for negligence of lumber company.

2. MASTER AND SERVANT ☞230(6)—CONTRIBUTORY NEGLIGENCE—VOLUNTEER.

In action by infant for personal injuries received by reason of his acceptance of invitation of employé of defendant railway to help couple engines, in order to recover, it must be shown that the infant was not capable of appreciating the danger.

Appeal from District Court, Liberty County; L. B. Hightower, Sr., Judge.

Suit by Paul Scholz and another against the Trinity Valley & Northern Railway Company and another. Judgment for plaintiffs,

and defendants appeal. Reversed and remanded.

Stevens & Stevens, of Houston, for appellants.

H. E. Marshall and D. J. Harrison, both of Liberty, and Jno. M. Conley, of Beaumont, for appellees.

WALKER, J. This is a suit by Paul Scholz and his father, August Scholz, against the appellants, for personal injuries suffered by Paul Scholz on the line of the Trinity Valley & Northern Railway Company about the 1st of May, 1915. At that time Paul Scholz was a minor past 15 years of age, working occasionally for both of the defendants. On the day he was injured he was not in the employ of either of them. The Dayton Lumber Company had track privileges over the line of the railway company for the purpose of hauling logs. It had its own engines, cars, and employés. Under some kind of contract, the nature and terms of which are not shown by the pleadings or the proof, the lumber company had the right to the use of the tracks. The railway company also used the tracks, operating a daily passenger train, and hauling freight from one end of the line to the other; the line extending from Dayton, in Liberty county, to Fouts, in the same county. The defendant lumber company owned some side tracks at Fouts, and it was the custom of the company at night to take its engines from the main line onto these side tracks and keep them there until the next morning. The day engineers surrendered their engines to one T. E. Bishop, an employé of the lumber company, whose duty it was to take these engines from the main line to the side tracks and watch over them at night and fire them up the next morning. On the day Paul Scholz was injured, T. E. Bishop asked him to help couple two engines together, so he could carry both engines from the main track at one time. In attempting to make this coupling, Paul Scholz was injured.

Plaintiff's cause of action is based upon the negligence of the defendants in extending to him, a minor of immature age and discretion, an invitation to do a hazardous thing, he being of immature age and discretion and not understanding or appreciating the danger incident thereto, and that the proximate cause of his injury was his being caught between the engines on account of the accumulation of cinders on the track, over which he tripped when his leg came in contact with the running board on the engine.

The defendants' answer, in substance, is that the minor, Paul Scholz, was injured on account of his inexcusable and contributory negligence in riding on the cars and engines

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

used upon the tracks by the defendants, and being sufficiently mature in years and intelligence to realize and understand the danger.

This case was submitted to the jury on special issues. On answers thereto, the trial court rendered judgment in favor of appellees, from which judgment both defendants have appealed to this court.

[1] The railway company assigns as error the refusal of the court to instruct a verdict for it on the conclusion of the testimony. This contention is without merit. Under the undisputed facts in this case, the railway company was permitting the lumber company to use its tracks under some sort of contract unauthorized by law. This will make the railway company responsible for this tort of the lumber company. This proposition has been before the courts many times, and, as we understand the decisions, they uniformly hold the lessor company liable, under facts similar to the facts in this record.

In T. & N. O. R. R. Co. et al. v. Jones, 201 S. W. 1085, Judge Huff cites with approval the following statement from Railway Co. v. Horne, 197 Ill. 250, 64 N. E. 331:

"The law is well settled that when an injury results from the negligence or unlawful operation of a railway, whether by the corporation to which the franchise is granted or by another corporation which the proprietary company authorized or permits to use its tracks, both the lessor and the lessee are liable to respond in damages to the party injured."

We understand this to be the holding of our courts. T. & S. Ry. Co. v. Lane, 79 Tex. 643, 15 S. W. 477, 16 S. W. 18; G., C. & S. F. Ry. Co. v. Miller, 98 Tex. 270, 83 S. W. 182; Ray v. Pecos Ry. Co., 35 Tex. Civ. App. 123, 80 S. W. 112; G., C. & S. F. Ry. Co. v. Bryant, 30 Tex. Civ. App. 4, 66 S. W. 804; Railway Co. v. Underwood, 67 Tex. 592, 4 S. W. 216; Railway Co. v. Moody, 71 Tex. 616, 9 S. W. 465; Railway Co. v. Owens, 75 S. W. 582; Woodhouse v. Railway Co., 67 Tex. 420, 3 S. W. 323; Railway Co. v. Morris & Crawford, 68 Tex. 59, 3 S. W. 457; Collins v. Railway Co., 15 Tex. Civ. App. 169, 39 S. W. 643; Railway Co. v. McGrath, 160 S. W. 444. In E. L. & R. R. Ry. Co. v. Culberson, 72 Tex. 377, 10 S. W. 707, 3 L. R. A. 567, 13 Am. St. Rep. 805, Associate Justice Gaines says:

"There have been numerous decisions in other states holding the lessor liable when the lease is unauthorized for injuries to live stock and to persons crossing the track caused by the negligence of its lessees. So that it may now be considered the accepted and settled doctrine that in all cases where one railroad company is operating trains upon the road of another without authority of law, the owner of the road remains responsible for the discharge of its duties to the public and becomes liable for injuries resulting from the lessees' failure to perform their duties. The lessor by accepting its charter assumes the obligation to carry passengers safely over its line. If it intrusts that duty to another company and a passenger is injured it is responsible."

In G., C. & S. F. Ry. Co. v. Miller, 98 Tex. 270, 83 S. W. 182, Associate Justice Williams says:

"It is a sound proposition, often applied, that the corporation, shown to be owner of a railroad in the operation of which a wrong has been done, is presumed to be in the possession and operation of its road."

[2] By the thirteenth assignment of error, appellants complain of the refusal of the court to give the following charge:

"Would a person of ordinary prudence similarly circumstanced and of the age and discretion of the plaintiff Paul Scholz have attempted to make the coupling? Answer 'Yes' or 'No.' "

The trial court submitted this case to the jury on four questions, as follows:

Question No. 1: "Was Paul Scholz, at the time he was injured, of such immature judgment, and so wanting in discretion on account of his youth, as to render him incapable of understanding and realizing the danger he assumed in attempting to couple the engines together at the request and invitation of the night watchman or engineer? Answer 'Yes' or 'No.' "

Question No. 2: "If you have answered the preceding question in the affirmative, the court then propounds to you the following question: Were the defendants guilty of negligence, hereinabove defined, in permitting and allowing cinders to accumulate on their railroad track, and if they did accumulate on said track, at the time and place where said Paul Scholz was injured? Answer 'Yes' or 'No.' "

Question No. 3: "If you have answered the foregoing question in the affirmative, then the court propounds to you the following question: Did the cinders that had accumulated upon the defendant's track, if they were accumulated thereon, directly and proximately cause said Paul Scholz to trip and fall in undertaking to effect the coupling of said two engines? Answer 'Yes' or 'No.' "

Question No. 4: "Were the defendants guilty of negligence as hereinabove defined, through the acts of the night watchman or engineer in inviting and requesting said Paul Scholz to assist said night watchman or engineer in making a coupling of the two engines at the time and place and in the manner that the evidence shows the said Paul Scholz undertook to make such coupling? Answer 'Yes' or 'No.' "

The fifth and last question determined the amount of damages. We think the refusal of this charge was error. Question No. 1 is the only issue submitting to the jury the contributory negligence of Paul Scholz. An affirmative answer to this question does not authorize the court to find that Paul Scholz was not guilty of contributory negligence.

In M., K. & T. Ry. Co. v. Rogers, 89 Tex. 675, 36 S. W. 243, Judge Brown says:

"Whether or not the plaintiff was of immature years and so wanting in intelligence that he could not appreciate the danger of getting

upon the car is a question of fact, to be found by the jury under the evidence that may be adduced on another trial. Cook v. Navigation Co., 76 Texas, 353 [13 S. W. 475, 18 Am. St. Rep. 52]; Evansich v. Railway, 57 Texas, 128 [44 Am. Rep. 586]. Upon this issue of fact the defendant has the right to have the law given to the jury as applicable to both phases of the case. If the jury should find that the plaintiff, by reason of his age and want of intelligence, was not capable of appreciating the danger of getting upon the car, and that the employés of the railway company invited or permitted him to get upon it, and if it should appear that to ride upon such a car was dangerous for a child of his age, and further that the act of getting upon the same under the circumstances was such as might have been done by a child of his age and intelligence, the defendant would be liable to him for the injuries inflicted, although its employés may have been forbidden to permit any one to ride upon said car."

Applying the rule above announced to the facts in this case, the jury must find: First, that Paul Scholz was not capable of appreciating the danger of coupling the engines; second, that he was invited by an employé of either the railway company or the sawmill company to couple the engines; third, that to couple the engines was dangerous for a child of his age; and, fourth, that the act of coupling the engines under the circumstances was such as might have been done by a child of his age and intelligence. Only the first of these issues was submitted to the jury.

In G. E. Company v. Antonini, 152 S. W. 841, the jury was charged:

· "By the term 'contributory negligence,' as applied to the plaintiff, Adriano Antonini, is meant a failure on his part to use and exercise ordinary care, by which, in this connection, is meant that degree of care which a person of ordinary prudence of his age, intelligence, and discretion would have used or exercised under the same or similar circumstances."

In discussing this charge, Chief Justice Pleasants said:

"The question is not simply whether the appellee had sufficient capacity to know that it was dangerous to cross a track in front of an approaching car, but whether a boy of his age, intelligence, and discretion would ordinarily have sufficient prudence or care for his safety not to take the chance that he did of getting across the track before the car would reach the place of his crossing."

In Dowlen v. T. P. & L. Co., 174 S. W. 674, the court charged the jury:

"You are charged that the plaintiff, V. A. Dowlen, was required to exercise such care and caution as a child of his age, intelligence, and experience would ordinarily use under similar circumstances."

In discussing this charge, Judge Hodges said:

"Did the court in this instance apply the proper test? The language both of the main charge and of the special charge makes it clear that the prudence required of the plaintiff in this case was to be measured by what a child of his age, intelligence, and experience would ordinarily do under such circumstances. The following cases support that test: Cook v. Houston Direct Nav. Co., 76 Tex. 353, 13 S. W. 475, 18 Am. St. Rep. 52; Evansich v. G., C. & S. F. Ry. Co., 57 Tex. 126, 44 Am. Rep. 586; H. & T. C. Ry. Co. v. Simpson, 60 Tex. 103; Mitchell v. T. R. & M. Co., 9 Wash. 120, 37 Pac. 341; Railway Co. v. Hall, 83 Tex. 675, 19 S. W. 121; Haynes v. Raleigh Gas Co., 114 N. C. 203, 19 S. E. 344, 26 L. R. A. 810, 41 Am. St. Rep. 786."

We add the following citations to those given by Judge Hodges, supra: Railway Co. v. Boozer, 70 Tex. 537, 8 S. W. 119, 8 Am. St. Rep. 615; Railway Co. v. Mother, 5 Tex. Civ. App. 87, 24 S. W. 81; Railway Co. v. Voss, 159 S. W. 65.

This boy being almost 16 years old at the time he was injured, and having worked around engines for some time, it was error to fail to submit this charge.

All other special charges requested by appellants were properly refused. Special issue No. 1 was correctly submitted, but it should have been followed by the submission of the issue herein discussed.

We have carefully examined all other assignments made by appellants, and find no merit in them.

For the error indicated, this cause is reversed and remanded.

HIGHTOWER, C. J. I concur in the opinion reversing the judgment of the lower court because of the error of that court in refusing the submission of the special issué discussed. I am not certain, however, that the facts as reflected by the record show any liability as against appellant railway company. But I am not sufficiently advised at this time to dissent from the view expressed on that point.