PARROTT v. HUGHES.    (No. 1322.)

(Court of Civil Appeals of Texas.    El Paso.
April 13, 1922.)

1. Appeal and error ⚎569(2)—Statement of facts signed merely by counsel for appellant held insufficient.

So-called statement of facts, signed merely by counsel for appellant, with nothing to show that the parties were unable to agree upon the statement or that the trial court refused to prepare a statement, cannot be considered as a statement of facts.

2. Appeal and error ⚎548(2)—Sufficiency of evidence not considered, in absence of proper statement of facts.

In the absence of a proper statement of facts, assignment questioning the sufficiency of the evidence cannot be considered.

Appeal from Throckmorton County Court; John Lee Smith, Judge.

Suit by Miles S. Hughes against W. B. Parrott. Judgment for plaintiff by county court on appeal from the justice court, and defendant appeals. Affirmed.

B. F. Reynolds, of Throckmorton, for appellant.

M. S. Long, of Albany, for appellee.

HIGGINS, J. Hughes sued Parrott in the justice court to recover $125. In that court he obtained judgment for $10, and appealed to the county court. In order to perfect his appeal to the county court the plaintiff was not required to give an appeal bond. Edwards v. Morton, 92 Tex. 152, 46 S. W. 792. In the county court he obtained judgment for the amount sued for, and Parrott appeals.

[1] What purports to be a statement of facts appears in the record, signed simply by counsel for appellant. There is nothing to show that the parties were unable to agree upon a statement. Nothing to show that the trial court refused to prepare a statement. The so-called statement of facts cannot be considered. Renn v. Samos, 42 Tex. 104; Railway Co. v. Underwood, 67 Tex. 589, 4 S. W. 216; Brown v. Masterson (Tex. Civ. App.) 38 S. W. 1027.

[2] The only assignment questions the sufficiency of the evidence. In the absence of a proper statement of facts, this matter cannot be reviewed.

Affirmed.