## HILLIARD et al. v. MURDOCK. (No. 3175.)

Court of Civil Appeals of Texas. Amarillo. April 3, 1929.

Rehearing Denied April 24, 1929. Application for Writ of Error Refused Oct. 23, 1929.

J. Lee Zumwalt, of Dallas, and Ben W. Boyd, of Denton, for plaintiffs in error.

Currie McCutcheon, of Dallas, for defendant in error.

JACKSON, J. This suit was instituted in the district court of Dallas county, Tex., by the plaintiff Mrs. John Hilliard, a widow, for herself and as next friend for her minor son, John H. Hilliard, Jr., against the defendant, A. B. Murdock, alleged to be doing business under the name of A. B. Murdock Gravel Company, to recover damages for personal injuries sustained by the plaintiff John H. Hilliard, Jr., on account of the alleged negligence of the defendant.

Plaintiffs allege: That the defendant, A. B. Murdock, was, on October 26, 1923, and long prior thereto, engaged in business under the name of A. B. Murdock Gravel Company, and furnished to others, for various purposes, sand and gravel. That in carrying on said business it was necessary and the defendant did operate automobile trucks on the streets of the city of Dallas. That on October 26, 1923, O. H. Addison was an employee of the defendant in charge of one of his trucks, and was running it in the prosecution of defendant's business. That on said date John H. Hilliard, Jr., was in the city of Dallas on Second avenue near the corner of Hamilton street, and desired to go by street car to another part of the city. That the street car had stopped on Second avenue, and the conductor and motorman in charge thereof had gone into a nearby drug store, and John H. Hilliard, Jr., was with them. That the conductor and motorman left the drug store, went to the street car, and said minor followed them for the purpose of becoming a passenger on said street car. That the conductor and motorman entered at the front end of the street car, and the minor undertook to board the car at the same place, but the conductor instructed him to go to the rear for the purpose of entering the car. That said John H. Hilliard, Jr., undertook to do so, and, just as he turned, one of the defendant's gravel trucks, driven by and in charge of the said O. H. Addison, running along Second avenue in a northerly direction and at a high rate of speed, passed the street car while standing, without giving any signal or notice of the approach of the truck, and ran over said minor plaintiff, and injured him so that he will be a cripple for life.

Plaintiffs fully and sufficiently alleged the injuries sustained by the plaintiff John H. Hilliard, Jr.

Plaintiffs alleged that said minor was standing by the side of the street car, in plain view of the driver of said automobile, who failed to use any means or diligence to stop

said truck and avoid injuring said minor, and said injuries were due to the gross carelessness and negligence of the said O. H. Addison. The plaintiffs ask for damages against the defendant in behalf of John H. Hilliard, Jr., in the sum of $12,000 and in favor of Mrs. John Hilliard in the sum of $2,580.

The defendant answered by general demurrer, general denial, and pleaded that the occurrence was an unavoidable accident; that the minor was guilty of contributory negligence, alleging in detail the acts constituting the contributory negligence upon which he relied as a defense.

By trial amendment and supplemental petition, the plaintiffs alleged that the defendant was guilty of negligence in violating certain ordinances of the city of Dallas and subdivision (L) of article 801 of the Penal Code of the Revised Criminal Statutes of 1925 of the state of Texas.

In response to special issues submitted by the court, the jury found, in substance, that the accident was not unavoidable; that O. H. Addison, the driver of the truck, was guilty of negligence in driving the truck at the speed which he was running, and that said negligence was the proximate cause of the injuries sustained by John H. Hilliard, Jr.; that Addison failed to give any signal or notice as he approached the plaintiff John H. Hilliard, Jr., and the failure to give such signal or notice was negligence, and such negligence was the proximate cause of the injuries sustained by said plaintiff; that John H. Hilliard, Jr., did not use ordinary care to look for an approaching truck, did not use ordinary care to listen for the approach of said truck, and did not use ordinary care in crossing the street toward the street car; that each of said acts was negligence on the part of John H. Hilliard, Jr., and each contributed to the injuries he sustained; that John H. Hilliard, Jr., was damaged by his injuries $1,000 and that Mrs. John Hilliard was damaged in the sum of $405.

On these findings, the court rendered judgment in favor of the defendant against both of the plaintiffs, from which judgment, by writ of error, the plaintiffs, hereinafter called appellants, prosecute this appeal.

The appellants filed a motion for judgment on the findings of the jury, and assign as error the action of the court in failing to render judgment in their behalf, because the jury's finding established: That the street car was stopped for the purpose of receiving and discharging passengers and the plaintiff John H. Hilliard, Jr., in the exercise of his legal right, approached said street car to take passage thereon. That the defendant's agent was guilty of negligence in running at the rate of speed he was operating said truck. That he failed to give any signal or warning of his approach. That such acts of the defendant's agent were negligence which were the proximate cause of the injuries sustained by the appellant John H. Hilliard, Jr.; therefore, such acts of the agent were in violation of the law of this state and entitled appellants to a judgment against the defendant for the amounts found by the jury, and the court erred in denying them judgments therefor.

No objection was made to the charge of the court or any of the issues submitted. No special charge or special issue was requested. There is no statement of facts in the record and no bill of exception to any action of the court, except his overruling their motion for a judgment on the findings of the jury.

■ That the defendant's agent was driving his truck at a rate of speed which constituted negligence and failed to give any signal or warning of the approach of the truck, do not constitute a violation of subdivision L of article 801 of the Penal Code of 1925. The record does not show whether the truck was approaching the street car from the front or from the rear. We are not advised what the provisions of the traffic ordinances of the city of Dallas are, and there is no finding of the jury that warrants the conclusion that either the law or the city ordinances of Dallas were violated, if such violation would, under this record, authorize the court to render judgment for appellants.

■ One of appellants' contentions is, as we understand it, that the court should have rendered judgment in their behalf, as they were entitled to recover on the issue of discovered peril, which was alleged by the pleadings. The issue of discovered peril was neither submitted to the jury nor requested by appellants. Hence, if they had any right of recovery under the doctrine of discovered peril, such right was abandoned. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

■ Inasmuch as such issue was not submitted by the court and not requested by appellants, and in the absence of a statement of facts, we must assume that such issue was not raised by the testimony.

The appellants assail as erroneous the special issues submitted by the court on the contributory negligence of the appellant John H. Hilliard, Jr., in which the jury was asked if said appellant exercised ordinary care, the court having theretofore defined ordinary care as such care as a person of ordinary prudence would exercise under the same or similar circumstances, because the court should have instructed the jury that ordinary care is the care which a person of ordinary prudence similarly situated, and of said appellant's age and discretion, would have exercised under the same or similar circumstances.

No objection was made to the definition of ordinary care as given by the court and no charge requested by appellants defining ordinary care; no motion for rehearing was filed, and the alleged error is presented for the first time in this appeal. Without a statement of facts, the only information disclosed by the

record as to the age of the appellant John H. Hilliard, Jr., is the allegation in his pleading that he was 16 years of age at the time of the injury and the statement in the answer of the defendant that he was a minor. Whether the appellee could avail himself of the contributory negligence of the appellant John H. Hilliard, Jr., as a defense depended upon the discretion and intelligence of said appellant. This was an issue to be determined by the jury. Cook et ux. v. Houston Direct Navigation Co., 76 Tex. 353, 13 S. W. 475, 18 Am. St. Rep. 52; and, in order for the appellants to recover, it should be shown that he was not of such intelligence and capacity as to appreciate his danger. Trinity Valley & N. Ry. Co. et al. v. Scholz et al. (Tex. Civ. App.) 209 S. W. 224. In the state of this record, we must assume that the charge, as given by the court, was based on the facts revealed in the testimony.

The appellants having presented no reversible error, the judgment is affirmed.