By the Court,
Lane, C. J.
The first objection to the deed is that-the sheriff in 1799, could not lawfully appoint a deputy to make a deed in any form. The power of the sheriff at common law, and without any authority from the statutes, to execute all ministerial duties by deputy, and particularly the power of making sales and deeds, is-fully established by a former judgment of this court. 4 Ohio, 88. The second objection is that the deed was made in the name of White,, the deputy, and not in the name of the sheriff. We think this objection sufficient. Where delegated authority is exercised, it must be exercised in the name of the principal. Where one acts as the attorney of another, the act should purport to be -the act of the constituent. The deputies of a sheriff compose but one officer, and they have no-. authority except that exercised in the name of the principal. If, th'en, as in this case, a deputy assume to convey lands himself in his own name, his acts are void, like those of any other agent. 3. The acknowledgment of the deed was void likewise, for it was nc t until 1836, after the death of the principal. As the act of the agent acquires validity, because it is the act of the constituent, his power- *151 ceases when the capacity of the principal ends. We unite, therefore, in holding the deed void upon both grounds.
Judgment for the defendants.