UINTAH POWER & LIGHT CO. et al. v. INDUSTRIAL COMMISSION OF UTAH.

No. 3463.   Decided April 24, 1920.   (189 Pac. 875.)

1. MASTER AND SERVANT—ALLOWANCE OF COMPENSATION TO DEPENDENTS FOR 252 WEEKS HELD PROPER. It was within the discretion of the Industrial Commission, in fixing compensation for the death of an employé, to provide that it should be continued in favor of partial dependents for 252 weeks.

2. MASTER AND SERVANT—EMPLOYER CANNOT COMPLAIN OF COMPU-
TATION OF WAGE IF LESS THAN THAT REQUIRED BY COMPENSATION
ACT. Under Comp. Laws 1917, section 3142, making the basis
of computation the average weekly wage at the time of injury,
the basis of computation for an employé who at that time was
working six days a week at a wage of four dollars a day was
twenty-four dollars, so that the employer and insurer could not
complain of the computation on the basis of 300 working days a
year which made the weekly wage less than twenty-four dollars.

Action by Uintah Power & Light Company and another
against the Industrial Commission of Utah to review an
award by the Commission of compensation for the death of
Alex A. Hunt.

AWARD AFFIRMED.

*De Vine, Stine & Gwilliam,* of Ogden, for plaintiffs.

*Dan B. Shields,* Atty. Gen., and *Jas. H. Wolfe, O. C.
Dalby,* and *H. Van Dam, Jr.,* Asst. Attys. Gen., for defendant.

WEBER, J.

Before the Industrial Commission the parties stipulated
the facts in the present case to be: On July 16, 1919, Alex
A. Hunt, of Roosevelt, Utah, was fatally injured by reason
of an accident arising out of and in the course of his em-
ployment while regularly employed at Roosevelt by the Uintah
Power & Light Company, an employer subject to the pro-
visions of the Workmen's Compensation Act (Laws 1917,
chapter 83). The wage earned by the deceased at the time
of the accident was four dollars per day, working six days
per week. The Ocean Accident & Guarantee Corporation is
the insurance carrier of the Uintah Power & Light Com-
pany. The dependents of the deceased are James Hunt and
Margaret Hunt. In addition to the stipulation, it was
proved that James Hunt and Margaret Hunt were the par-
ents of Alex Hunt, and that they were partially dependent
upon him.

At the hearing in January of this year the commission rendered its decision awarding to the parents of Alex Hunt compensation of thirteen dollars and eighty-five cents per week for a period of 252 weeks, not to exceed $3,490, and the sum of $156 burial expenses.

An application for rehearing, filed by plaintiffs, was denied. Plaintiffs have instituted this action to review the proceedings of the commission, and contend that the commission erred in computing compensation and that the award is excessive.

· The evidence shows that during the year prior to his death Alex Hunt contributed $340 to the support of his parents. The commission found the parents partially dependent upon their son, and that conclusion was justified and supported by the undisputed evidence.   It is asserted by plaintiffs, and admitted by defendant, that the computation by the commission was made in this manner: The daily wage, four dollars, multiplied by 300, the number of working days in the year, made $1,200.   That sum divided by fifty-two makes the quotient, the amount of the average weekly wage, twenty-three dollars and seven cents; and sixty per cent. of twenty-three and seven cents is thirteen dollars and eighty-five cents. This amount weekly for 252 weeks makes a total of $3,490.

The allowance for 252 weeks only was because the parents were not wholly dependent.   To designate that number of weeks, under the circumstances of this case, was clearly within the discretion of the commission.

The rule used to ascertain the weekly wage may be, as plaintiffs claim, wholly arbitrary.   In many states it is the statutory rule, and experience has shown that in the great majority of cases its results are fair and equitable to all. parties concerned.   If the rule were disregarded in this case, and the words of the statute followed, the amount allowed would have been greater.   Comp. Laws Utah 1917, Section 3142, provides for the following basis of computation:

"The average weekly wage of the injured person at the time of the injury shall be taken as the basis upon which to compute the benefits."

The average weekly wage at the time of the injury, as shown by the stipulation, was twenty-four dollars. Sixty per cent. of that weekly wage would be fourteen dollars and forty cents. Allowing that amount for 252 weeks, the result would be $3,628.80.

The dependents, however, are not complaining. The employer and the insurance carrier have no cause for complaint.

The other objections urged by plaintiffs are without merit.

The award of the commission is affirmed, with costs.

CORFMAN, C. J., and GIDEON and THURMAN, JJ., concur.

FRICK, J. I concur.

In view, however, that counsel for the insurance carrier very earnestly contend that the Industrial Commission has allowed excessive compensation to the parents of the deceased in this case, and the violation of the terms of our statute, it becomes necessary to construe the statute relating to the question of compensation. I therefore desire to add a few words to what has been said by Mr. Justice WEBER.

The statute (Comp. Laws 1917, Section 3142) provides:

"The average weekly wage of the injured person at the time of the injury shall be taken as the basis upon which to compute the benefits."

Another section of the statute, in case death results from the injury, fixes the percentage of the weekly wage that shall be allowed to the dependents or to those only partially dependent upon the deceased and the length of time the payments shall continue, with certain limitations as to amounts. Counsel insist that in taking the weekly earnings of the deceased at the time of his death the commission arrived at a wrong result. They contend that the average weekly wage at the time of the injury means "the annual earnings of the deceased for the twelve months preceding the injury divided by fifty-two." I cannot see how such a conclusion can be arrived at under the statute. The result no doubt

would be the average earnings for each week of the entire year preceding the injury, but it might be much less or much more than the "average" earnings "at the time of the injury." While it is true that in the statute the words "average weekly wage" are used, it is also true that those words are qualified by what, it seems to me, are the controlling words, namely, "at the time of the injury." All the words of the statute must be given their ordinary and usual meaning, and all the qualifying words must be considered and construed together. The basis of compensation, therefore, is the average weekly wage that the injured person earned at the time of the injury. As pointed out by Mr. Justice WEBER, the earnings of the deceased at the time of his injury were four dollars per day, and he worked six days a week. But one result is possible, therefore, in this case, so far as fixing the weekly wage is concerned; and when that is fixed the amount to be allowed necessarily follows as a mathematical result.

Counsel urge, however, that in arriving at the result the word "average," as used in the statute, was disregarded and given no effect whatever. In making the contention counsel evidently have overlooked the fact that the statute is intended to cover all kinds of cases. The employé may work daily at a fixed wage and at the time of his injury he may, for a term of years or months, have worked at the same rate. If that were so, there is nothing either gained or lost by attempting to average his weekly wage. Another employé may, however, work only intermittently and irregularly, and that may be the regular course of his employment. In that way he may work three days in one week, four days in the following week, and so on. Again, an employé may do piecework, or work for a commission, and in that way his earnings may fluctuate so that the week in which he was injured be may have earned considerably more than he did in the preceding one or might earn in the following week, or the earnings may have been considerably less, and yet his regular earnings from week to week may not vary very much as to amount. Moreover, the employment may be such

that the number of hours of work may change from day to day, or week to week, and at times the employé may be required to work overtime, and yet the amount of the earnings may not greatly vary from week to week and still may do so from day to day. Further, the employé may work for a monthly wage which may be at a uniform rate, or, for the reasons stated above, his earnings may fluctuate from month to month. If, therefore, the employé works intermittently, or if his wages fluctuate, as suggested, the commission must arrive at the "average weekly wage" at the time of the injury by such method of computation as in their judgment will effectuate the purpose of the framers of the statute. One thing, to my mind at least, is clear, and that is that the framers of the statute did not intend that the earnings of the injured person should be either enlarged or diminished because he may have worked for either a larger or a smaller wage at some time prior to the injury in some other or in the same employment. The statute assumes that the average wages earned at the time of the injury will continue indefinitely, and hence the earnings at that time were made the basis of computation.

In view of the stipulated facts, I cannot conceive how the Industrial Commission could have arrived at a conclusion more favorable to the insurance carrier in this case than it did. If the application of the statute results in inequalities and does not reflect justice in all cases, the Legislature, and not the courts, should be appealed to, to correct the evil.

The award of the commission should be affirmed.