BAMBERGER ELECTRIC R. CO. v. INDUSTRIAL COMMISSION OF UTAH.

No. 3720.   Decided December 24, 1921.   (203 Pac. 345.)

MASTER AND SERVANT—WORKMAN SERVING TWO EMPLOYERS HELD NOT ENGAGED IN JOINT EMPLOYMENT MAKING BOTH LIABLE UNDER COMPENSATION ACT—"ARISING OUT OF AND IN COURSE OF EMPLOYMENT."   Where deceased, employed by an electric railroad company, and also by an electric power company, spent part of the time operating railroad company's transformers on one side of a building and a part of his time attending to the power company's machinery on other other side of building, his death from injuries sustained while attending the power company's machinery, at a time when he was performing no duties for the railroad company, was not the result

of an accident arising out of or in the course of his employ-
ment with the railroad company, and the railroad company
was not liable for any part of the compensation awarded under
the Workmen's Compensation Act, but the full amount of the
award based upon the total amount of his earnings from
both companies should be made against the power company
alone.

Proceedings under the Workmen's Compensation Law
(Comp. Laws, 1917, §§ 3061-3165) by Elise Berg, for com-
pensation for the death of her son, Walter Berg, opposed by
the Bamberger Electric Railroad Company and the Utah
Power & Light Company, employers. Award by Industrial
Commission of Utah for claimant against both employers,
and first-named employer petitions for a writ of review.

Commission instructed to VACATE AWARD as to first-named
employer.

*De Vine, Howell, Stine & Gwilliam*, of Ogden, for plaintiff.

*Harvey H. Cluff*, Atty. Gen., and *J. Robert Robinson*, Asst.
Atty. Gen., for defendant.

WEBER, J.

Walter Berg was killed by accident at Ogden, Utah, on
June 2, 1921. His mother, Mrs. Elise Berg, applied to the
Industrial Commission for compensation from the Bamberger
Electric Railroad Company, hereinafter referred to as Rail-
road Company, and the Utah Power & Light Company, here-
inafter called Power Company, claiming that at the time of
his death her son was in the employ of both companies, and
that both companies were liable for compensation. The com-
mission made an award to be paid by both companies. The
Railroad Company obtained a rehearing, upon which the pre-
vious award was confirmed. In accordance with plaintiff's
petition for a writ of review, the record is now in this court.

The Railroad Company contends that the Commission was

without any jurisdiction or authority to make an award against it, for the reason that Berg was not in the service of that company in doing the particular work in which he was engaged at the time of his death, and that therefore the relation of employer and employé did not exist between him and the plaintiff at that time.

At the hearing before the Commission the first proceeding had was the entrance by the parties concerned into a stipulation to this effect: On June 2, 1921, Walter B'erg, of Ogden, Utah, was fatally injured by reason of an accident arising out of or in the course of his employment; that at the time he was killed he was engaged in his duties in performance of work for the Utah Power & Light Company, and that he met with the accident on the side of the station owned and operated exclusively by the Utah Power & Light Company. It was further stipulated that deceased was 31 years of age, single, and a citizen of the United States; that there is unpaid a funeral expense of $420.25 due George W. Larkin & Sons, and that the Utah Power & Light Company is a self-insurer, paying compensation direct to its injured employés and their dependents.

With proof of the earnings of deceased from both companies and the dependency of the mother supplementing the agreed facts, the case would seem to have been complete for awarding compensation to the mother to be paid by the Power Company, basing such award upon his aggregate earnings from both companies. However, witnesses were produced whose testimony established substantially the following facts. Plaintiff operates an electric railroad between Salt Lake City and Ogden, Utah. The electric substation at Ogden in which Berg was killed is a building divided into two parts, with an opening in the center. On one side of the building are the electric transformers of the Railroad Company, and on the other side are the Power Company's arc rectifiers and distributing power lines for supplying light to Ogden city. Berg's duty to the railroad company was to operate its transformers at its substation, and he also attended to the Power Company's machinery on its side of the building. The trans-

formers and machinery of the Railroad Company were not operated between 1:35 and 5:30 a. m., as no trains were being run during that time. The record kept by Berg indicated that the machines of the Railroad Company were shut down at 1:30 a. m., and they were not started at 5:30 a. m., showing that Berg, who was the only one to start the machinery, had been killed before 5:30 a. m. His dead body was found between 7 and 8 a. m., and apparently Berg had been dead two or three hours. Burns on his body indicated that he had been killed by electricity, and other evidence pointed unmistakably to the fact that he had come in contact with an electric current while working for the Power Company, and on its side of the building. The work he was doing at that time for the Power Company had no connection with the business of the Railroad Company in any manner. Berg worked for both companies, and each paid him for four hours, one-half of his time, each day. His pay was according to the schedule of the company paying him.

The Commission found that—

"The decedent on the date of his death was paid the sum of $61.25 per month by the Utah Power & Light Company, and the sum of $54.50, plus 10 per cent. bonus, or a total of $59.95 per month, by the Bamberger Electric Railroad Company, making his aggregate salary received per month from both companies $121.20, working seven days per week."

Without going into further details as to the evidence, it is sufficient to say that no joint contract existed between the Railroad Company and the Power Company to pay Berg's wages; that each company was liable for its share of Berg's wages, and no more; that either company could have discharged the deceased from its employ, but neither could have discharged the deceased from the employ of the other. Therefore, while doing work for the Power Company the condition of employer and employé existed between the deceased and the Power Company, but not between him and the Railroad Company. For some hours prior to his injury and resulting death Berg had no duty to perform for the Railroad Company, nor was he rendering any service for the Railroad Company at the time of his death in the Power Company's

part of the station building.   The relation of employer and employé not then existing between the Railroad Company and the deceased, it was not in the course of his employment with plaintiff that he was killed.   Moreover, at the time of his death the Railroad Company had no control over deceased, and he was entirely, according to the undisputed evidence, under the direction of the Power Company, and hence there was no joint employment, and the Railroad Company cannot be held liable for any part of the compensation awarded to the mother of the deceased.

In support of its claim that Berg, as mattter of law, under the circumstances of the case, was in the employ of both companies all the time when at work, and that it was a joint employment, the defendant cites *San-Francisco-Oakland Term. Ry.* v. *Industrial Acc. Com. of Cal.*, 180 Cal. 121, 179 Pac. 386; *Employers' Lia. Assur. Corp.* v. *Industrial Acc. Com. of Cal.*, 179 Cal. 432, 177 Pac. 273; *Vary* v. *B. C. R. & M. R. Co.*, 42 Iowa, 246; *Atlantic Coast Line* v. *Treadway, Adm'x*, 120 Va. 735, 93 S. E. 560, 10 A. L. R. 1411; *G. C. & S. F. R. R. Co.* v. *Dorsey*, 66 Tex. 148, 18 S. W. 444; *Wis. Cent. R. Co.* v. *Ross*, 142 Ill. 9, 31 N. E. 412, 34 Am. St. Rep. 49; *Mo. P. R. R. Co.* v. *Bond*, 2 Tex. Civ. App. 104, 20 S. W. 930; and *G. H. & S. A. R. R.* v. *Croskell*, 6 Tex. Civ. App. 160, 25 S. W. 486.

In the first of the above cases, in which the award by the Industrial Commission was affirmed, the proceeding was against the San Francisco-Oakland Term. Railway and the Southern Pacific Company upon the theory that they were joint employers of the deceased.   The deceased was employed by both companies as a flagman, and his duties were to warn and signal indiscriminately the operators of the trains of both defendants at or approaching the street crossing at which he was stationed, and to warn and signal pedestrians and the drivers of vehicles as to the approach at said crossing of the trains of both defendants.   At the time of the accident the flagman who was killed was actually engaged in rendering service for both of the defendants.   No award was made against the Southern Pacific Company, as it was at said cross-

ing at all times engaged indistinguishably in interstate and intrastate commerce, and therefore as to the Southern Pacific Company the flagman was engaged in interstate commerce. As we read the record the facts here are not similar to those in the case cited. Here the deceased was not at the time of his death, engaged in rendering service for both companies. His duties to the Railroad Company were distinctly separate from those to the Power Company. Save that each employed the same man, there is no element of joint employment in the instant case. The other cases cited by defendant are equally inapplicable to the case at bar.

In *Western Metals & Supplies Co.* v. *Pillsbury,* 172 Cal. 407, 156 Pac. 491, Ann. Cas. 1917E, 390, it was held that a night watchman employed by six different firms was an employé of the one on whose premises he was killed while in the discharge of his duty. The award, however, was properly based upon the aggregate amount he received from the six firms by whom he was employed, and not upon the earnings he received from the employer in whose service he was killed.

In our opinion Berg was not in the service of the Railroad Company in doing the work in which he was engaged when killed, but at that time he was in the service of the Power Company, who should pay the full amount of the award, based upon the total amount of his earnings received by him from both companies. The Commission is therefore directed to vacate the award, and proceed in accordance with the views herein expressed. Each party to pay its own costs.

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.