## MILLARD COUNTY v. INDUSTRIAL COMMISSION.

No. 3983. Decided July 27, 1923. (217 Pac. 974.)

1. MASTER AND SERVANT—SHERIFF'S ASSISTANT EMPLOYED TO CAPTURE ESCAPED PRISONER HELD AN "EMPLOYÉ" OF COUNTY WITHIN COMPENSATION ACT. One who was employed by the sheriff of a county to assist in the capture of an escaped prisoner was an employé of the county within the Workmen's Compensation Act (Comp. Laws 1917, § 3111, subd. 1, as amended by Laws 1919, c. 63), defining an "employé" as a "person in the service of * * * every county * * * under any appointment or contract of hire, express or implied, oral or written," though he was not appointed a deputy in writing with the consent of the county commissioners nor sworn in as required by Comp. Laws 1917, § 1461, where the county commissioners acting under sections 1361, and 1434 recognized his appointment by paying for his services.

2. MASTER AND SERVANT—EMPLOYMENT BY SHERIFF OF ASSISTANT FOR CAPTURE OF ESCAPED PRISONER HELD NOT "CASUAL" WITHIN COMPENSATION ACT. The employment by the sheriff of a county of a person to assist in the capture of an escaped prisoner, where such assistant was killed in his effort to capture the prisoner after having been engaged in pursuit for four days,

*held* not casual within provision of the Workmen's Compensation Act, making act inapplicable to "casual" employment, the employment having been in the usual course of the business of the county.

3.  MASTER AND SERVANT—"CASUAL" EMPLOYMENT WITHIN COMPENSATION ACT DEPENDENT ON NATURE OF SERVICE.  Whether employment is casual within provision of Workmen's Compensation Act, making the act inapplicable to casual employments, depends upon the nature of the service rendered by the employé, and not upon the duration or frequency of his employment.[1]

4.  MASTER AND SERVANT—COMPENSATION FOR DEATH OF SHERIFF'S ASSISTANT BASED ON SALARY PAID DECEASED, AS SHERIFF.  Where one who was previously employed as an automobile salesman was employed by the sheriff of a county to assist in the capture of an escaped prisoner, and was killed in an effort to capture the prisoner after a pursuit of four days, his widow was entitled to compensation computed upon the basis of salary paid him as sheriff, and not the salary received when previously employed as a salesman under Workmen's Compensation Act (Comp. Laws 1917, § 3142, as amended by Laws 1921, c. 67).[2]

Writ of review by Millard County, a municipal corporation, against the Industrial Commission of Utah to determine the validity of an order of the commission awarding compensation under the Workmen's Compensation Act to Thirza Rose for the death of her husband Floyd L. Rose.

AWARD ANNULLED, WITH DIRECTIONS.

*J. A. Melville, Jr.,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendant.

CHERRY, J.

[1] *Utah Copper Co.* v. *Industrial Commission,* 57 Utah, 118, 193 Pac. 24, 13 A. L. R. 1367.

[2] *Uintah P. & L. Co.* v. *Industrial Commission,* 56 Utah, 169, 175, 189 Pac. 875.

This is a writ of review to determine the validity of an order of the Industrial Commission awarding compensation under the Workmen's Compensation Act to Thirza Rose for the death of her husband, Floyd L. Rose.

The sheriff of Millard county employed Rose to assist him in capturing a prisoner who had escaped from the county jail. Rose was engaged for four days in search of the fugitive, when he was discovered hidden under a building at or near Delta. In the effort to capture the prisoner Rose was shot and killed by the outlaw. Previous to his employment by the sheriff Rose was employed as an automobile salesman and earned $125 per month. While employed by the sheriff his earnings were $3 per day. At the time of his death his wife and one minor child were wholly dependent upon him for support.

Upon finding the facts as above stated the Industrial Commission concluded that "Rose was fatally injured by reason of an accident arising out of or in the course of his employment, while engaged by Millard county in the regular business of the county in apprehending a fugitive from justice;" that compensation should be based on his earnings as an automobile salesman, and awarded compensation to be paid by Millard county to Thirza Rose, for the benefit of herself and minor child, the sum of $16 per week for not to exceed 312 weeks.

It is contended by the plaintiff that the award should be set aside and annulled for the reasons: (1) That there is no evidence that Rose was employed by Millard county; (2) that, if employed, his employment was casual and not in the usual course of business or occupation of the county; (3) that the award is excessive because based on earnings greater than that of the particular service in which deceased was engaged when he met his death.

The sheriff testified that he employed Rose to assist him in the capture of the escaped prisoner; that he did not appoint him as a deputy in writing; that he did not ask the consent of the county commissioners, and that Rose was not sworn in as a deputy; that Rose worked four days under his supervision and direction; that he considered Rose had authority

to arrest and apprehend the bandit, and was expected to do so if he had an opportunity. After the death of Rose the sheriff presented a claim against the county in favor of F. L. Rose amounting to $12 for "guarding and helping in apprehending Cirdo Rico (the escaped prisoner)" which was allowed by the county commissioners and paid to Rose's widow.

Comp. Laws Utah 1917, § 1461, provides:

"Every county, precinct, or district officer, except a county commissioner or a judicial officer, may, by and with the consent of the board of county commissioners, appoint as many deputies and assistants as may be necessary for the prompt and faithful discharge of the duties of his office. The appointment of a deputy must be made in writing, and filed in the office of the county clerk, and, until such appointment is so made and filed and until such deputy shall have taken the oath of office, no one shall be or act as such deputy."

It is contended by the plaintiff that, because Rose was not appointed as a deputy sheriff according to the formalities required by the statute, he could not act as such and was not an employé of the county. Although it is generally held that one who is actually acting as a deputy sheriff under color of an appointment is such officer de facto, although his appointment was not made with the formalities required by statute (35 Cyc. 1522), we think it wholly immaterial in this case whether Rose was a duly appointed deputy sheriff or not. It is certain that he was employed to assist the sheriff in capturing the escaped prisoner, and that the county commissioners recognized and approved his employment by paying for his services, and that in the course of his employment he lost his life.

Comp. Laws Utah 1917, § 1361, provides that the powers of a county can be exercised only by the board of county commissioners, or by agents and officers acting under authority of the board or authority of law, and section 1434 provides that the necessary expenses of the sheriff and his deputies are county charges.

The Workmen's Compensation Act, Comp. Laws Utah 1917, § 3111, subd. 1, as amended by chapter 63, Laws Utah 1919, defines an employé to be—

"Every person in the service of the State, and of every county,

city, town or school district, including regular members of law-
fully constituted police and fire departments of cities and towns,
under any appointment or contract of hire, express or implied,
oral or written, except any elective official of the state, or of any
county, city, town or school district therein, or other official re-
ceiving more than $2,400.00 per year salary."

Under the circumstances Rose was in the service of the
county and therefore an employé. *Village of West Salem* v.
*Ind. Comm.*, 162 Wis. 57, 155 N. W. 929, L. R. A. 1918C,
1077.

The employment of Rose was in the usual course of the
business of the county and was not casual. This ques-
tion depends upon the nature of the service rendered      2, 3
by the employé and not upon duration or frequency of
his employment. *Utah Copper Co.* v. *Ind. Comm.*, 57 Utah,
118, 193 Pac. 24, 13 A. L. R. 1367.

The amount awarded as compensation was computed upon
the earnings of Rose when previously employed as an auto-
mobile salesman and not upon the basis of his earnings at the
time he was killed. The evidence was that the amount of
his earnings at the time of his injury and death was $3 per
day. The usual operation of the employment in which he
was engaged was seven days per week. This was sufficient to
sustain an award for $12.60 per week, but not for $16 per
week. Plaintiff insists that the award was computed upon
an erroneous basis and is excessive. Comp. Laws Utah 1917,
§ 3142, as amended by chapter 67, Laws Utah 1921, provides:

"The average weekly wage of the injured person at the time
of the injury shall be taken as the basis upon which to compute
the benefits, and shall be arrived at and determined in the follow-
ing manner, to wit: Employment shall mean pursuit in the usual
trade, business, or profession of the employer. Five and one-half
or six day employment shall mean pursuit in the usual trade, busi-
ness, or profession, the usual operation of which is six days or
less per week. Seven day employment shall mean pursuit in the
usual trade, business, or profession, the usual operation of which
is seven days per week."

The statute clearly fixes the basis upon which the benefits
are to be computed, and when that basis is capable of being
definitely ascertained, as it is in this case, the benefits may
not be enlarged or diminished because the injured em-

ployé may have had larger or smaller earnings prior to        4
the time of his injury in some other or the same employment. *Uintah P. & L. Co.* v. *Industrial Commission,* 56
Utah, 169, 175, 189 Pac. 875.

For the reasons stated the award is excessive in amount
and should be and is annulled. But as the record clearly
shows that compensation, computed upon the proper basis,
should be awarded, and in view that the Industrial Commission is the proper tribunal to make and enforce all awards,
the Industrial Commission is directed to make a finding of
the average weekly wage of the deceased at the time of his
injury and death, in the employment in which he was then
engaged, to compute the benefits on that basis and to award
compensation accordingly.

WEBER, C. J., and GIDEON and THURMAN, JJ.,
concur.

FRICK, J., did not participate herein.