## MITCHELL v INDUSTRIAL COMMISSION

Ohio Appeals, 5th Dist, Delaware Co

Decided Dec 8, 1936

Humes & McAllister, for appellee.

John W. Bricker, Attorney General, Columbus, and R. R. Zurmehly, Columbus, for appellant.

### OPINION

By SHERICK, J.

This appeal presents the question as to whether a person who is called upon orally by a deputy sheriff, in the absence of the sheriff and other deputies, and is informally deputized by him to assist in the making of an arrest of one reputed to be dangerous, and is killed in the performance of that project in an automobile accident when returning with the prisoner, and whose estate is being compensated by the county for his services, is an employee of the county, under the provisions of the Workmen's Compensation Law, whose dependents are entitled to participate in the State Insurance Fund?

On Sunday evening, January 7, 1934, Verne T. Mitchell was a guest in the home of Martin Pinney, a duly appointed deputy sheriff of Delaware County. The night was cold, dark and stormy. At the time, the sheriff and other deputies were engaged upon other business pertaining to their office and were not available. Pinney was called upon by telephone to go at once to the farm of an intoxicated person, some six to eight miles from the county seat, and arrest the inebriate. The necessity for haste lay in that he might injure his wife and family. Pinney had prior knowledge that the offender was a dangerous person when intoxicated. Pinney previously had been authorized to deputize any person to assist him in his official duties "on occasions when he needed help."

When the deputy left the telephone he

statec' that he would have to have help in making an arrest. Whereupon Mitchell volunteered to assist and Pinney responded: "In the name of the law, you are a deputy sheriff." They then proceeded to the country, made the arrest and upon the return Mitchell was killed in an automobile wreck. It is evidenced that the sheriff sanctioned payment to Mitchell's estate for his service, and that the county official allowed, and the county paid, the claim. Application was made to the Industrial Commission for compensation. The request was allowed and partially paid. From the record it further appears that upon a subsequent hearing the commission's finding was rescinded, the claim disallowed and further compensation denied. Thereafter an appeal was perfected to the Court of Common Pleas of Delaware County, and upon trial to the court, judgment was entered adverse to the commission which appeals to this court upon questions of law. It is maintained that the trial court erred in overruling the commission's motion for judgment in its favor and in entering judgment adverse to it. The commission's action on rehearing and the appellant's reason for reversal were then and are now predicated upon the adjudication of **Industrial Commission v Turek, 129 Oh St 545, 196 NE 382.** It is said that Mitchell was not an "employee" of Delaware County at the time of his death as understood and prescribed by §1465-61, GC, and that one may not become a deputy sheriff unless it be done in accordance with §2830, GC, which recites, that: "The sheriff may appoint in writing one or more deputies. If such appointment is approved by a judge of the Court of Common Pleas of the subdivision in which the county of the sheriff is situated, such approval at the time it is made, shall be indorsed on such writing by the judge. Thereupon such writing and indorsement shall be filed by the sheriff with the clerk in his county, who shall duly enter it upon the journal of such court."

Without doubt this section determines the only way in which permanent or continuing deputies may be created. There is a further provision (§2833, GC), however, which contemplates in part that exigencies may arise when a sheriff and his duly appointed force are not able to cope with the necessity of a particular temporary situation. It gives recognition to the fact that a posse comitatus may sometimes be necessary. It reposes in the sheriff the power to determine when such a necessity exists.

The section reads in part: "Each sheriff shall preserve the public peace and cause all persons guilty of breach thereof, * * * commit them to jail * * *. In the execution of the duties required of him by law, the sheriff may call to his aid such person or persons or power of the county as may be necessary. * * *"

Appellant properly points out that this section must be read in conjunction with §12857, GC, wherein it is declared: "Whoever, when called upon by a sheriff, coroner constable or other ministerial officer to assist in apprehending a person charged with, or convicted of, a criminal offense, or in securing such person when so apprehended, or in conveying him to prison, neglects or refuses so to do, shall be fined not more than fifty dollars."

It cannot be said that the omission of the words "deputy sheriff" from these statutes presupposes that only the sheriff was intended, for it has long been recognized that a sheriff and his deputy occupy but a single office, and a deputy, when properly appointed, as was Pinney, is vested with power and authority to perform every ministerial act that his principal can perform. See **Haines v Lindsey, 4 Ohio 88, 19 Am. Dec. 586.** If the construction of these statutes in the respect under consideration were so restricted, duly qualified deputies would have little or no protection from the criminal class, or aid from the public which he serves. The reason for the rule is even now more urgent when women may be and are sheriffs; and sheriffs in the larger counties now grace the office and outside work involving danger is mostly done by deputies. Pinney had a right to call upon Mitchell if he considered that he needed assistance in the temporary emergency created in part by his principal's and other deputies' absence.

Let us now consider the appellant's assertion that an emergency did not exist. The Turek case, supra, distinctly recognizes that in a pressing necessity a police officer might call upon one for aid. The court states clearly in its consideration of the facts before it and §12857, GC, that: "* * * the statute was enacted for the purpose of enabling an officer to obtain immediate assistance when suddenly confronted with a dangerous emergency in apprehending, securing or conveying a person charged with, or convicted of, a crime. This traffic patrolman was in no such dire straits when at four o'clock in the afternoon he requested the plaintiff to accompany him that night. On the contrary, for four and one-

half hours they patrolled the village streets in the usual manner, before they happened to have their attention attracted by a sound which they supposed was caused by chicken thieves."

The facts of the Turek case further disclose that the claimant had performed like traffic duty "around six or ten times" over a period of two months. That on the first of these trips he was "sworn in" by the traffic patrolman. Surely the facts in that controversy are not the facts in the present instance. Here, Pinney had a hurried call to go far into the country on a cold, stormy, dark, winter night 'to arrest a drunken man who might harm his family and whom he knew to be dangerous when in his cups. Was Pinney to wait until he reached an isolated farm on such a night, where other men were unlikely to be found, before calling for aid if dire straits confronted him? We think not. It is our judgment that an emergency was in the offing and did exist, and that he had a right to determine the necessity for immediate aid when he had prior warning of the dangerous propensity of the person he was about to take into custody.

The Supreme Court of the state of Wisconsin has twice considered the precise inquiry now before this court. In Village of West Salem v Industrial Commission, 162 Wis. 57, 155 NW 929, L.R.A. 1918C 1077, one Voeck was called upon by the village marshal to assist in the arrest of one Jones for violating the laws of the state. In the course of the arrest Jones killed Voeck. It was held that by the marshal's verbal appointment Voeck acquired the status of a police officer of the village and was engaged in the performance of policemen's service within the contemplation of the Workmen's Compensation Act. It will be noted from the opinion of that court that that state had statutes very similar to our §§2833 and 12857, GC. It also appears that the Wisconsin Compensation Act defines the term "employee" in almost the exact language found in §1465-61, GC, which reads:

"The term 'employee,' 'workman,' and 'operative' as used in this act shall be construed to mean:

"1. Every person in the service of the state, or of any county, city, township, incorporated village or school district therein, * * * under any appointment or contract of hire, express or implied, oral or written, * * *."

In the later case of Vilas County v Industrial Comm., 200 Wis. 451, 228 NW 591. Monk was informally named as a member of a posse comitatus by a deputy sheriff. He was injured during the course of performance of the duties thereof. It was claimed as it is here that the appointment was not regularly made in conformity to law. That court again held that where a deputy sheriff authorized two citizens to search for fugitives and take them into custody, getting others to assist them if necessary, third individual wounded while assisting in the search and arrest held entitled to compensation from the county, although he was not sworn in nor any statement made that he was being deputized or directed to go.

Millard County v Industrial Comm., 62 Utah 46, 217 P. 974, present a like case. Therein, one Rose, informally deputized by a sheriff was killed in the course of his employment. It was claimed that he had not been appointed with the formalities required by a statute similar to §2830, GC. The Workmen's Compensation Act of Utah also defines an employee in language almost identical with §1465-61, GC. It was held that his widow was entitled to compensaion out of the Industrial Commission funds.

There remains but one further case directly in point. Our search discloses no case to the contrary. In County of Monterey v Rader, 199 Cal. 221, 248 P. 912, 47 A. L.R. 359, a bystander was summoned oy a sheriff to assist in making an arrest. He was killed in the course thereof. It was held that he was within the operation of a Workmen's Compensation Act declaring an employee to be every person in service under any appointment. The court concluded at page 225 that a "* * * sheriff may, without organizing a formal posse comitatus, orally summon to his assistance any person when he deems it necessary to effect an arrest. 2 R.C.L. p. 491. The person thus summoned has all the authority of a formally deputized officer in such matter, and is in fact a de jure deputy sheriff. The deceased was at the time he was slain in the service of the county under appointment by a county officer, to-wit, the sheriff."

To our notion the Turek case, supra, is sound in logic and in its conclusion. By reason of the dissimilarity of its facts with

those of this case it is not authority for a reversal of this cause. The judgment is affirmed.

Judgment affirmed.

LEMERT, PJ, and MONTGOMERY, J, concur.