MITCHELL, ADMX., APPELLEE, *v.* GREAT EASTERN STAGES, INC., APPELLANT.

(Decided April 4, 1938.)

*Messrs. Humes & McAllister,* for appellee.
*Messrs. Knepper, White & Dempsey* and *Mr. F. M. Marriott,* for appellant.

SHERICK, J. This appeal concerns a verdict and judgment returned and entered in plaintiff's favor in a wrongful death case growing out of an automobile collision wherein Verne T. Mitchell was killed while acting as a peace officer. He had been deputized in an emergency by a deputy sheriff to assist in the making of an arrest. The facts in respect thereto are to be found in the report of *Mitchell* v. *Industrial Commission,* 57 Ohio App., 319, 13 N. E. (2d), 736. We shall therefore not repeat them. Such further facts as are necessary to an understanding of this action are as follows:

The pleadings and the evidence disclose that the night was dark, wet and foggy, and that visibility was poor; that defendant's bus was proceeding north on an arterial highway, which is one of the most traveled roads in this state; and that for some reason it came to a stop. Its position on the highway is in dispute. Witnesses located it as being anywhere from astraddle of the center line to having its right wheels off the paved portion of the highway three or four feet. The period of time from the stoppage of the bus to the collision is estimated to be from less than a minute to twenty minutes. No flares or warning lights had been

put out. The evidence is in conflict as to whether the bus was lighted, and as to whether it was brilliantly or dimly illuminated.

The deputy sheriff was driving a county car north. The deceased and the prisoner were riding in the rear seat. The car was equipped with headlights which lighted up the road 200 feet ahead. The matter of the rate of speed of the deputy's car is also in dispute. The deputy sheriff testified that he did not see the parked bus until he was within 17 or 18 feet of it. The jury found as a special fact that this distance was 50 feet. This witness testified, and the jury so found as a special fact, that the deputy could not then have stopped his car in time to have avoided the collision.

Plaintiff's amended petition charges the defendant with negligence in three respects; first, in parking its bus on the highway with its left wheels upon the center line; second, in failing to maintain rear lights on its parked bus that were discernible 200 feet away; and, third, in view of the conditions of the night, in failing to post flares or warnings. The defendant's answer generally denies these claims, and asserts that it was not negligent and that the accident was caused by reason of the sole negligence of the deputy sheriff.

Appellant has chosen to present its numerous claims of error under two theories; first, that, even if it had been negligent, its negligence was remote in point of time and causation and was merely a circumstance of the accident and not its proximate cause; second, that, in the sheriff's absence, the deputy was the sheriff and the decedent his deputy, both possessed equal power and authority to act in the premises and did so act, and that they were engaged in a common enterprise, and, therefore, the negligence of the deputy could be imputed to the decedent and no recovery might be had. We shall first dispose of the second contention.

This court attempted to and did point out in *Mitchell*

v. *Industrial Commission, supra,* that the decedent had not been made a permanent deputy sheriff in accordance with Section 2830, General Code, which would empower him as the sheriff's *alter ego* to do any ministerial act that the sheriff might do in his stead but that Mitchell's employment was created by a sheriff's call for assistance in an emergency in conformity to the provision of Section 2833, General Code. His selection for service and power possessed by reason thereof, partakes therefore, of that possessed by a member of a *posse comitatus.* Mitchell was an employee of the county performing an officer's duty under compulsion. Section 12857, General Code. But he was not, strictly speaking, an officer of the county. He was drafted to assist in the arresting of a dangerous character and not to drive or control the county's car. He possessed no power, as such employee, to do any act other than such as the deputy directed. He could not control or supersede the deputy's order. His position was subservient to the deputy's direction, who might at any time have informally dispensed with his assistance. They were at no time equal in authority in the act to be done or in control of the county's instrumentality employed, to wit, the automobile.

Both parties to this action advance the case of *Bloom* v. *Leech, Admr.,* 120 Ohio St., 239, 166 N. E., 137. This authority is dispositive of the appellant's claim. It is not the purpose of the parties making a trip in an automobile which creates a "joint enterprise." As said in the *Bloom case, supra,* "there must be a right of mutual control." The test is "whether the parties were jointly operating or controlling the movements of the vehicle in which they were riding." There is no evidence in this record that Mitchell jointly operated or controlled the county car. The term "joint enterprise" as applied to the law of negligence embraces a particular understanding. It cannot exist, as said in the *Bloom case, supra,* "unless there

be a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto.'' It follows that any negligence of the deputy sheriff cannot be imputed to Mitchell, and in this claim the appellant must fail.

The question of proximate cause and intervening agency, when the evidence is in dispute as in this case, is a question of mixed law and fact for the jury's consideration. In this action the jury, by its general verdict, found that the defendant had been negligent in one or more of the respects claimed. There being sufficient credible evidence to support this conclusion, this court may not substitute its judgment for that of the jury. But we are told by the appellant that if it was negligent such was not a proximate or contributing cause but only a circumstance. We are directed to a considerable number of authorities. These we shall not review. We would quote from but one case. In *Kline* v. *Moyer*, 325 Pa., 357, 191 A., 43, 111 A. L. R., 406, it is held in the syllabus:

''1. Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause.

''2. Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties.''

It is our judgment that this excerpt correctly states the law in such cases. If we take the appellant's view,

that is, that the deputy sheriff was guilty of negligence, we are relegated to the evidence of the driver of the car to ascertain whether he knew of the existence of potential danger created by the defendant in time to avoid the accident. If he did not, then the defendant's negligence was a proximate and contributing cause of the accident and the defendant is liable. The deputy says that the night was dark and foggy, and that visibility was poor; that the rear lights on the bus were dim and that he did not see the bus until he was only 17 to 18 feet away and not in time to avoid the collision. The jury found as a fact on defendant's interrogatory that the deputy ,sheriff could not have stopped in time to avoid the accident. In view of these facts and special finding we are unable to perceive how it can be successfully maintained that the deputy had knowledge of the existing danger in time to have avoided the collision. It is this court's judgment that the defendant must fail on its first claim as well.

Our conclusions herein reached dispose of fourteen of the errors claimed. The thirteenth ground is that the verdict is the result of bias, sympathy, passion and prejudice. We find no merit in this claim. We find no error in the general charge in the matter pointed out. No further claimed errors are pointed out, briefed or argued. The judgment must be and is affirmed.

*Judgment affirmed.*

MONTGOMERY, P. J., and LEMERT, J., concur.