THE STATE OF OHIO *v.* COSTELLO.

(No. 12107—Decided July 8, 1970.)

Municipal Court of Ashtabula.

*Mr. R. Vaughn Tittle,* assistant city solicitor, for plaintiff.

*Mr. Tom R. Bailey,* for defendant.

OLSEN, J. This case came on for argument on a motion for a new trial. The motion filed by the defendant sets forth some fourteen grounds, none of which were argued by the defendant. The sole argument presented to the court is that there was a variance between the affidavit and the proof.

The affidavit sets forth that: "on or about the 27th day of September, A. D., 1969, in the city of Ashtabula, county of Ashtabula and state of Ohio, one, Donald J. Costello, Jr., did unlawfully abuse a sheriff in the execution of his office, contrary to the form of the statute, R. C. 2917.33 of said state in such case made and provided."

The evidence, at the time of trial, was that the defendant did abuse a deputy sheriff, Robert Peet, the affiant.

R. C. 2917.33 provides: "No person shall abuse a judge in the execution of his office, or knowingly and willfully resist, obstruct, or abuse a sheriff, or other officer in the

execution of his office." This section was effective January 1, 1958.

The issue thus presented by the argument of the motion for a new trial is whether or not the statute can be interpreted to cover a deputy sheriff when the affidavit charges the Defendant with abusing a sheriff.

It has been held that a deputy sheriff is not a public officer, 1942 OAG 704, *State* v. *Bd. of County Comm.*, 191 P. 2d, 670.

The defendant argues that Ohio follows a rule of strict construction in criminal cases. This is true. It has long been the rule in Ohio that criminal statutes are to be strictly construed. A close analysis of the cases will show that strict construction is to be applied to the definitions of the offenses as against the defendant. In other words, the strict construction is applied to cover the act complained, and that area sought to be prohibited.

An example is found in *State* v. *Meyers,* 56 Ohio St. 340, where the Defendant was a deputy treasurer charged with embezzlement. The court ruled that under that statute only the treasurer could be charged, not a deputy. The strict construction therefor is confined to requiring that the person charged falls within the area of being a person whose conduct the Legislature has sought to control by prohibiting a certain act.

Otherwise normal interpretation rules are used in criminal cases. As was said in *Inglis* v. *Pontius*, 102 Ohio St. 140, at page 148: "Penal statutes . . . should not be extended to include limitations not clearly expressed in their terms. Neither should a statute defining an offense be extended by construction to persons not included within its descriptive terms, yet it is just as well settled that rules of construction applicable to remedial statutes have equal application to penal statutes; that is to say, they are to be fairly construed according to the expressed legislative intent without resort to verbal niceties or technicalities. There should not be any forced construction to exclude from their operation persons who are plainly within their terms; statutes designed to prevent fraud should be so

construed as to prevent the evil aimed at. Strict construction does not override the requirement that words are to be given their usual and ordinary meaning and that the purpose and intention of the lawmaker should be carried into effect. It is an aid in ascertaining the legislative intent to consider the existing evil which it is intended to remedy.''

The court had previously expressed the same rule in *Barker* v. *State*, 69 Ohio St. 68, at page 74: ''. . . the rule of law and of this court is that a statute defining an offense is not to be extended by construction to persons not within its descriptive terms. In all other respects the general penal provisions are to be fairly construed according to the expressed legislative intent, . . . .''

In *Anderson* v. *Brown*, 9 Ohio 151, it was held that: ''The deputies of a sheriff compose but one officer . . . .'' Likewise in *Mitchell* v. *Ind. Comm.*, 57 Ohio App. 319, the court stated: ''It cannot be said that the omission of the words ''deputy sheriff''' from these statutes presupposes that only the sheriff was intended, for it has long been recognized that a sheriff and his deputy occupy but a single office . . .''

It seems a strained interpretation and a verbal nicety to say that the Legislature in 1958, intended to pass an act prohibiting persons from abusing the eighty-eight sheriffs in this state, knowing full well, that the routine work of the sheriffs' officers requires the assistance of numerous deputies.

In this case there is no question in the court's mind that the defendant did abuse a deputy sheriff, and the defendant falls within the classification of a person who did abuse a sheriff. Strict interpretation does not require this court to hold that the Legislature intended that only the eighty-eight sheriffs of this state should be protected from abuse, obstruction or being resisted in the execution of their office. This court holds that it is the legislative intent that sheriff be construed to include deputy sheriff.

*Motion overruled.*