Craig Burnham PRODUCE and the State Insurance Fund, Plaintiffs,

v.

The INDUSTRIAL COMMISSION OF UTAH and Clark L. Wanner, Defendants.

No. 17968.

Supreme Court of Utah.

Jan. 24, 1983.

---

James R. Black, Fred R. Silvester, Salt Lake City, for plaintiffs.

David L. Wilkinson, Frank V. Nelson, Roger D. Sandack, Salt Lake City, for defendants.

HALL, Chief Justice:

Plaintiffs seek review of the Industrial Commission's award of compensation to an injured employee, which was based upon his combined earnings from concurrent employments.

The facts are not in dispute. Defendant Clark L. Wanner (Wanner) was employed concurrently by plaintiff Craig Burnham Produce (Burnham Produce) and Eaton Kenway. He worked on a part-time basis for Burnham Produce, earning $35 per week for approximately six to nine hours of work. His duties there consisted primarily of unloading trucks with the assistance of an electric pallet jack. At Eaton Kenway, Wanner was employed on a full-time basis (forty hours per week), assembling, inspecting and shipping machinery. His wages there were $5.69 per hour, or $227.60 per week.

Wanner sustained an injury to his left foot while working at his part-time job with Burnham Produce. The injury rendered him incapable of working at either place of employment for a period of five and four-sevenths weeks. He applied for compensation benefits and was awarded $180 for each week of disability. The award was based not upon his part-time weekly wage of $35, but upon his combined weekly wages from both places of employment, which totalled $262.60.

The applicable statute, U.C.A., 1953, § 35–1–75, provides in pertinent part as follows:

> (1) . . . [T]he average weekly wage of the injured employee at the time of the injury shall be taken as the basis upon which to compute the weekly compensation rate . . . .

Said subsection (1) then sets forth various methods to be followed in determining the average weekly wage depending upon whether the wages are fixed by the hour, day, week, etc. Thereafter, subsection (3) of the statute provides:

> If none of the methods in subsection (1) will fairly determine the average weekly wage in a particular case, the commission shall use such other method as will, based

on the facts presented, fairly determine the employee's average weekly wage.

The administrative law judge that heard this case concluded that it would be unfair to Wanner for his "average weekly wage" to be limited to his earnings of $35 per week from the part-time employment he was engaged in at the time of his injury. Consequently, he applied the provisions of subsection (3) of the statute to alleviate the unfairness.

Plaintiffs contend that the statute neither contemplates nor permits an award of compensation based on combined wages from concurrent employments, and that an employer's liability is based upon and limited to the average weekly wage it alone pays an injured employee.

This Court has not previously interpreted the effect of the inclusion of subsection (3) in the statute.[1] However, at a time when the only statutory guide for fixing compensation was that "the average weekly wage of the injured person at the time of the injury shall be taken as the basis upon which to compute the benefits,"[2] the Court concluded that death benefits should be computed upon the basis of the aggregate amount the deceased received from two employers for whom he worked at the time of his death.[3]

The statute was amended in 1921,[4] and § 3142 thereof was expanded to include substantially the same methods for fixing the average weekly wage as are contained in the present statute.[5]

In *Millard County v. Industrial Commission,*[6] the Court reversed an award made on the basis of the deceased's employment as an automobile salesman and directed the Commission to "make a finding of the average weekly wage of the deceased at the time of his injury and death, in the employment in which he was then engaged," that being a deputy sheriff pressed into service to aid in the apprehension of an escaped prisoner.[7] The Court further observed that "benefits may not be enlarged or diminished because the injured employee may have had larger or smaller earnings prior to the time of his injury in some other or the same employment."[8]

In *Morrison-Merrill & Co. v. Industrial Commission,*[9] the injured employee held more than one job with separate employers. In affirming the award of the Commission, which was based solely upon the employment engaged in at the time of the injury, the Court specifically distinguished its earlier decision in *Bamberger Electric R. Co. v. Industrial Commission,*[10] observing that it was no longer in harmony with the "construction that should be given section 3142," as amended in 1921.[11]

The enactment of subsection (3) constitutes a significant amendment to the statute. We need therefore determine if the statute now requires a different interpretation. We conclude that it does.

The courts in other jurisdictions have not been uniform in their interpretation of similar statutory provisions. Several have combined the earnings of concurrent employments that were related or similar; a lesser number have combined the earnings

---

1. Subsection (3) was enacted by the Laws of Utah 1971.

2. Compiled Laws Utah 1917, § 3142.

3. *Bamberger Electric R. Co. v. Industrial Commission,* 59 Utah 257, 203 P. 345 (1921).

4. Laws of Utah 1921, § 3142.

5. U.C.A., 1953, § 35–1–75(1), *supra.*

6. 62 Utah 46, 217 P. 974 (1923).

7. 62 Utah at 51, 217 P. 974.

8. In accord: *Brewer v. Industrial Commission,* 89 Utah 596, 58 P.2d 33 (1936), and *Uintah Power & Light Co. v. Industrial Commission,* 56 Utah 169, 189 P. 875 (1920).

9. 81 Utah 363, 18 P.2d 295 (1933).

10. *Supra,* n. 3.

11. *Supra,* n. 4.

whether or not the employments were related or similar; and still a lesser number have refused to combine earnings in the absence of an express statutory provision therefor, whether or not the earnings were related or similar.[12]

The content of the Utah statute does not lend itself to the adoption of a "related" or "similar" employment rule. In his treatise in the subject,[13] Larson justly criticizes such a rule because it "is unnecessary from the point of view of statutory construction, unsound as a matter of accomplishing the purposes of the legislation, inhumane from the point of view of the claimant, and logically absurd as to the distinctions on which it is based."

The fundamental responsibility in construing legislative enactments is to give effect to their underlying intent and purpose.[14] The intent and purpose of the Workmen's Compensation Act has been determined as:

> [T]he Workmens Compensation Laws were and are designed to provide sustenance to a family for a statutory time until it can become readjusted in industry . . . .[15]

It is also to be observed that:

> This court has frequently stated that the Act should be liberally construed and applied to afford coverage to the employee and give effect to the purposes of the Act.[16]

Plaintiffs contend that the operative words of the statute are "the average weekly wage at the time of the injury," and that those terms should be, and have been in the past,[17] construed to mean only the wages paid by the employer in whose service the employee was when injured. However, their contention does not square with the obvious intent and purpose of the statute, which is to provide sustenance during the time of need. It also overlooks the simple fact that had he not been injured, Wanner could have earned his combined wages.

Plaintiffs' further contention that wages cannot be combined in the absence of an express statutory provision therefor is of no particular significance or consequence because the statute also does not expressly prohibit wages from being combined. Also, the contention fails to adequately reckon with the fact that the Legislature in 1971 saw fit to adopt subsection (3) of the statute so as to specifically insert the element of *fairness* in determining the average weekly wage.

The language of subsection (3) is clear and unambiguous. Given its literal and ordinary meaning, it provides the Commission with such additional methods over and above those specified in subsection (1) as will permit it to "fairly determine" the injured employee's weekly wages. Furthermore, the content of said subsection (3) is wholly consistent and compatible with the underlying legislative intent and purpose of the Workmen's Compensation Act.

In the context of section 35–1–75, and particularly subsection (3) thereof, in order to "fairly determine" an injured employee's "average weekly wage," it is necessary to compute his weekly compensation rate on the basis of the total wages he would have earned had he not been injured.

Affirmed.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

---

12. See 2 A. Larson, The Law of Workmen's Compensation, § 60.30, *et seq.* (1981).

13. *Id.*

14. *Millett v. Clark Clinic Corporation,* Utah, 609 P.2d 934 (1980); *Salt Lake City v. Salt Lake County,* Utah, 568 P.2d 738 (1977).

15. *United States Smelting, Refining & Mining Co. v. Nielsen,* 19 Utah 2d 239, 242, 430 P.2d 162, 164 (1967).

16. *Cook v. Peter Kiewit Sons Co.,* 15 Utah 2d 20, 22, 386 P.2d 616, 617 (1963).

17. *Supra,* n. 6.